■ BURTON KLAPPER, Respondent, v NANCY KLAPPER, Appellant. [611 NYS2d 657] —In a matrimonial action in which the parties were divorced by judgment dated June 21, 1972, the defendant former wife appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated May 12, 1992, which, inter alia, after a hearing, (1) granted the plaintiff former husband's cross motion for downward modification of maintenance arrears and prospective maintenance payments to the extent of reducing maintenance to $3,000 per year, effective January 1, 1986, with prospective payments to be made at the rate of $250 per month, and (2) granted the defendant former wife's motion for maintenance arrears only to the extent of awarding her a sum representing the nonpayment by the plaintiff former husband of $3,000 per year.

Ordered that the order is modified, by (1) deleting the provision thereof granting the plaintiff former husband's cross motion, and (2) deleting the provision thereof which granted the defendant former wife's motion only to the extent of awarding the defendant former wife a sum representing the nonpayment by the plaintiff former husband of $3,000 per year, and substituting therefor a provision granting the motion to the extent of awarding the defendant wife a sum of $12,200 per year effective January 1, 1986, through July 1990; as so modified, the order is affirmed, with costs to the defendant former wife.

Domestic Relations Law § 236 (B) (9) (b) provides that, upon the application of a party to a matrimonial action, the court may modify any prior order or judgment as to maintenance, upon a showing of a substantial change of circumstances. The party seeking the modification of a maintenance award has the burden of establishing the existence of a change in circumstances warranting the modification (see, Carr v Carr, 187 AD2d 407). In determining whether there was a substantial change in circumstances sufficient to warrant a downward modification, the change is to be measured by a comparison between the payor's financial circumstances at the time of the motion for downward modification and at the time of the divorce or, as the case may be, the time that the order of which modification is sought was made (see, Rosen v Rosen, 193 AD2d 661; Schnoor v Schnoor, 189 AD2d 809). Under the circumstances of the present case, the Supreme Court erred in granting the plaintiff former husband's cross motion for a downward modification of maintenance. The plaintiff did not meet his burden of establishing a change in circumstances because he never offered any evidence of his income or financial status at the time of the divorce nor in 1976, the date that the subject maintenance order of the court was made. In fact, when asked what he earned in 1976, the plaintiff responded that he had no idea. Thus, since the court could not make a comparison between the plaintiff's financial circumstances in 1976 and September 1990, the date of his cross motion for downward modification of the arrears as well as prospective maintenance payments, his application should have been denied.

The plaintiff's plans to retire have no bearing on the issues presented herein. If and when the plaintiff retires, he can make an application to modify prospective maintenance payments if he is unable to meet those payments (see, Wantuch v Wantuch, 56 AD2d 866).

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.