■ In the Matter of ELAINE C. PARIS, Appellant-Respondent, v STUART A. PARIS, Respondent-Appellant. [640 NYS2d 238] —In a

support proceeding pursuant to Family Court Act article 4, the wife appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Medowar, J.), dated January 25, 1995, as denied her objections to so much of an order of the same court (Watson, H.E.), dated November 9, 1994, as (1) denied her cross petition for a money judgment for child support arrears and (2) granted the husband a credit for purported overpayments of child support, and the husband cross-appeals from so much of the same order as denied his objections to so much of the order dated November 9, 1994, as denied his petition for downward modification of his child support obligations.

Ordered that the order dated January 25, 1995, is modified by deleting the provision thereof which denied the wife's cross petition for a money judgment for child support arrears and substituting therefor a provision granting the wife's cross petition; as so modified, the order is affirmed, with costs to the wife, and the matter is remitted to the Family Court, Nassau County, for a determination of the child support arrears due to the wife and entry of an appropriate judgment.

In accordance with the various temporary support orders the husband was obligated to make child support payments which were greater than the $5,127.35 per month which was ultimately set by the Hearing Examiner in the final order of support dated January 31, 1994. Significantly, the husband filed no written objections to and undertook no appeal of the final order of support. In the aftermath of the final order, the husband made child support payments which were substantially less than the $5,127.35 per month required. On August 30, 1994, the husband filed a petition for downward modification of his child support obligation and, in support thereof, relied upon an alleged change of circumstances which the record evinces had already been considered during the underlying support proceedings. The wife cross-petitioned, *inter alia,* for a money judgment for arrears.

By order dated November 9, 1994, the Hearing Examiner denied the husband's petition and denied the wife's cross petition for a money judgment for the arrears which had accrued under the final order of support. In denying the wife's cross petition, the Hearing Examiner acknowledged that there were months where the husband paid less than the amount called for in the final order, but nevertheless found that the wife was not entitled to arrears. The Hearing Examiner reasoned that the husband's payments pursuant to the temporary support orders, which were greater than the payments ultimately

required in the final order, effectively offset any arrears which occurred after the final order was entered. Both parties filed objections to the Hearing Examiner's determination. By order dated January 23, 1995, the Family Court denied the parties' respective objections. In denying the wife's objections, the Family Court stated that the "Hearing Examiner correctly applied credit for over payments made under the temporary child support order in calculating any amount of such retroactive support due."

The husband argues that the Family Court's determination to "credit" the purported overpayments which he had made prior to the final order was authorized by Family Court Act § 439 (e). However, under the circumstances presented on this appeal, we find that Family Court Act § 439 (e) does not authorize the Family Court to offset arrearages accruing after the final order with payments made prior to the final order.

Family Court Act § 439 (e) provides as follows: "The determination of a hearing examiner shall include findings of fact and a final order which shall be entered and transmitted to the parties. Specific written objections to such order may be submitted by either party to the court within thirty days after entry of the order. A party filing objections shall serve a copy of such objections upon the opposing party, who shall have thirteen days from such service to serve and file a written rebuttal to such objections. Proof of service upon the opposing party shall be filed with the court at the time of the filing of objections and any rebuttal. Within fifteen days after the rebuttal is filed, or the time to file such rebuttal has expired, whichever is applicable, the judge, based upon a review of the objections and the rebuttal, if any, shall (i) remand one or more issues of fact to the hearing examiner, (ii) make with or without holding a new hearing, his or her own findings of fact and order, or (iii) deny the objections. Pending review of the objections and the rebuttal, if any, the order of the hearing examiner shall be in full force and effect and no stay of such order shall be granted. *In the event a new order is issued, payments made by the respondent in excess of the new order shall be applied as a credit to future support obligations.* The final order of a hearing examiner, after objections and rebuttal, if any, have been reviewed by a judge, may be appealed pursuant to article eleven of this act" (emphasis supplied).

In construing the statute according to its plain language, it is clear that the term "new order" refers to an order made by the Judge, or the Hearing Examiner upon remand, based upon a review of properly filed written objections and rebuttal, if

any, to a previously issued "final order". Consequently, the crediting process enumerated therein applies in those situations where a final order is objected to, reviewed, and subsequently superseded by a new order.

In this case, neither party filed written objections to the Hearing Examiner's final order of January 31, 1994, and thus the order was not subject to the review process set forth in Family Court Act § 439 (e). Consequently, neither the procedures nor the directives enunciated in Family Court Act § 439 (e) apply herein. Accordingly, we find that the Hearing Examiner and the Family Court both erred in concluding that the husband's support obligations pursuant to the January 31, 1994, final order of support were subject to a credit based upon the support payments which had been made pursuant to the temporary support orders in effect prior to January 31, 1994. We thus remit the matter to the Family Court for a determination of the arrears due to the wife.

The husband's contention that the Family Court erred in denying his request for a downward modification of his support obligation is without merit (*see, Matter of Sutera v Sutera,* 204 AD2d 648). Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.