■ In the Matter of ERNA COURTNEY, Respondent, v ROBERT BROWNSTEIN, Appellant. [643 NYS2d 757] —Yesawich Jr., J.

The parties' January 7, 1992 divorce judgment provided that respondent was to pay petitioner maintenance in the amount of $500 per week until petitioner became eligible for Social Security benefits (which occurred on October 15, 1994, when she

---

* The relocation condition has been stayed during the pendency of this appeal by order of this Court.

attained the age of 62), and $300 per week thereafter. In February 1993, respondent unilaterally reduced his payments to $50 per week, prompting petitioner to commence this proceeding to enforce the judgment. Respondent filed a "verified answer and counterclaim" seeking termination of his maintenance obligation, contending that a significant and unforeseeable change in his financial circumstances had left him unable to make the payments required by the judgment.

Following a hearing, the Hearing Examiner found that respondent would have had the means to comply with the terms of the divorce judgment, had he not voluntarily chosen to use his resources to satisfy other liabilities arising from failed business ventures. She went on to find, however, that respondent had demonstrated a change in his financial circumstances, including an involuntary decrease in his monthly earnings, and that this change, while not warranting the wholesale reduction respondent sought, did justify reducing his maintenance obligation to $250 per week, retroactive to the date of respondent's "counterclaim". The arrearage owed was adjusted accordingly.

With one minor exception not relevant here, Family Court, after reviewing respondent's objections, substantially upheld the Hearing Examiner's findings and conclusions. An amended order and judgment were ultimately entered, decreeing that respondent had willfully violated the maintenance provisions of the divorce decree, granting his request for a modification to the extent previously noted, and awarding petitioner arrears in the amount of $33,837.65. Respondent appeals.

The issue on appeal is whether, as respondent contends, the Hearing Examiner abused her discretion by decreasing his maintenance payments by only $50, despite having found that he had demonstrated a change in circumstances warranting modification. As Family Court observed when rejecting this aspect of respondent's objections, it was not patently unreasonable, given the 31% decrease in respondent's income, to lessen his maintenance obligation by 50% for a period of 77 weeks (resulting in a reduction of approximately $19,250 in the arrearages due), and by 16% thereafter. While the record discloses that respondent's financial condition has deteriorated, it also reveals that he has taken no steps to pursue a sizeable executor's commission, to which he is apparently entitled for handling his mother's estate, and that he voluntarily elected to utilize assets he did have to reduce his personal and business liabilities, prior to filing for bankruptcy. And, although respondent suggests otherwise, there is no proof that petition-

er's financial circumstances have been enhanced beyond what was expected when the initial award was made, namely, her receipt of a modest level of Social Security benefits. Insofar as respondent maintains that petitioner may be receiving other benefits not considered by the Hearing Examiner or Family Court, the record is not sufficiently developed to enable us to pass on that claim. If such is the case, respondent's remedy is to reapply for a downward modification of his support obligation.

In sum, the record provides ample support for Family Court's conclusion that, even taking into account the changes in respondent's financial circumstances, the reduction of his weekly maintenance payment by $50, coupled with the retroactive reduction in arrears, represents a "realistic balancing of [petitioner's] needs, and her concomitant independent ability to meet them, with [respondent's] ability to comply" (*Dowdle v Dowdle*, 114 AD2d 699, 700).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order and judgment are affirmed, without costs.