■ In the Matter of JOHN GUINAN, Appellant, v LORRAINE HALL, Formerly Known as LORRAINE GUINAN, Respondent. [697 NYS2d 159] —In a support proceeding pursuant to Family Court Act article 4, the petitioner former husband appeals from so much of an order of the Family Court, Westchester County (Tolbert, J.), dated March 9, 1998, as denied his objections to so much of an order of the same court (Herold, H.E.), dated October 17, 1997, as, after a hearing, granted his application for a downward modification of maintenance payments only to the extent of reducing his monthly maintenance obligation from $2,500 to $2,255.16.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the petitioner's contention, the Family Court properly considered his 1993 and 1996 Federal income tax returns in determining the extent to which a downward modification of his maintenance obligation was warranted. 1993 was the last full tax year before the parties entered into a stipulation settling the issue of maintenance in their matrimonial action, and 1996 was the last full tax year before the petitioner filed the instant application for downward modification. Accordingly, comparison of these tax returns represented an appropriate basis for measuring the reduction in income alleged by the petitioner (*see, Klapper v Klapper,* 204 AD2d 518; *Giambattista v Giambattista,* 154 AD2d 920). Furthermore, under the circumstances of this case, the Family Court did not err in reducing the petitioner's maintenance obligation by less than the full amount requested (*see, Matter of Courtney v Brownstein,* 228 AD2d 810; *Mangino v Mangino,* 216 AD2d 369). O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.