■ In the Matter of PATRICIA PRISCO, Appellant, v KEVIN J. BUXBAUM, Respondent. [712 NYS2d 891] —In a support proceeding pursuant to Family Court Act article 4, the petitioner former wife appeals, by permission, from an order of the Family Court, Nassau County (Pessala, J.), dated September 20, 1999, which granted the objections of the former husband to an order of the same court (Dwyer, H.E.), dated June 17, 1999, dismissing his petition for downward modification of his maintenance and support payments, and remitted the matter to the Hearing Examiner for a new hearing and a new determination.

Ordered that the order is affirmed, with costs.

It is well settled that the court may modify a prior order or judgment of child support or maintenance payments upon a showing of a "substantial change in circumstance[s]" (Domestic Relations Law § 236 [B] [9] [b]; *Klapper v Klapper,* 204 AD2d 518; *Schnoor v Schnoor,* 189 AD2d 809; *Dowd v Dowd,* 178 AD2d 330). The party seeking the modification has the burden of establishing the existence of a change in circumstances warranting the modification (*see, Klapper v Klapper, supra*). In determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order or judgment (*see, Klapper v Klapper, supra; Schnoor v Schnoor, supra*).

The former husband presented genuine issues of fact regard-

ing whether he will suffer extreme hardship if the maintenance and support terms of the judgment of divorce are not modified and, accordingly, the Family Court properly granted a hearing to determine whether modification is warranted (*see, Soba v Soba,* 213 AD2d 472; *Grimaldi v Grimaldi,* 167 AD2d 443; *Heath v Heath,* 128 AD2d 587). S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.