■ ARLENE D'ALESIO, Respondent, v BERNARD D'ALESIO, Appellant. [751 NYS2d 774] —In a matrimonial action in which the parties were divorced by a judgment entered May 4, 2000, the defendant former husband appeals from an order of the Supreme Court, Nassau County (Berkowitz, J.), dated December 3, 2001, which, without a hearing, denied his cross motion for a downward modification of maintenance.

Ordered that the order is affirmed, with costs.

Domestic Relations Law § 236 (B) (9) (b) provides that upon the application of a party in a matrimonial action, the court

may modify any prior order or judgment as to maintenance upon a showing of a substantial change in circumstances. The party seeking the modification has the burden of establishing such a change in circumstances (*see Klapper v Klapper,* 204 AD2d 518, 519; *Rosen v Rosen,* 260 AD2d 361). In determining whether there was a substantial change in circumstances sufficient to warrant a downward modification, the change is to be measured by a comparison between the payor's financial circumstances at the time of the motion for downward modification, and at the time of the divorce or, as the case may be, at the time that the order regarding the motion for downward modification is made (*see Klapper v Klapper, supra*).

The Supreme Court properly denied the defendant's cross motion for a downward modification of maintenance. The defendant did not meet his burden of establishing a change in circumstances, because he failed to offer competent evidence of his alleged mental illness or his inability to work. Moreover, because the defendant failed to make a prima facie showing of entitlement to relief, the Supreme Court properly denied his motion without a hearing (*cf. Schnoor v Schnoor,* 189 AD2d 809). Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.