■ In the Matter of THOMAS SANNUTO, JR., Appellant, v JEANNETTE PALMA SANNUTO, Respondent. [800 NYS2d 601]—

In a support proceeding pursuant to Family Court Act article 4, the husband appeals from (1) an order of the Family Court, Suffolk County (Dounias, J.), dated August 23, 2004, which denied his objections to an order of the same court (Plosky, S.M.), dated March 2, 2004, after a hearing, inter alia, granting his application for a downward modification of his spousal support obligation only to the extent of reducing it from the sum of

$400 per week to the sum of $300 per week, sustained the wife's objections to the order dated March 2, 2004, and vacated so much of the order dated March 2, 2004, as reduced his spousal support obligation to the sum of $300 per week, retroactive to May 29, 2003, and to the sum of $350 per week, effective March 5, 2004, and (2) an order of the same court (Grier, S.M.), dated August 25, 2004, which reinstated an order of the same court (Goglas, H.E.), dated May 23, 1997, directing spousal support in the sum of $400 per week.

Ordered that the appeal from the order dated August 25, 2004, is dismissed (*see* Family Ct Act § 439 [e]); and it is further,

Ordered that the order dated August 23, 2004, is modified, on the law, by deleting the provision thereof sustaining the wife's objections and substituting therefor a provision denying the wife's objections; as so modified the order dated August 23, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Family Court Act § 439 (e) provides that an aggrieved party's specific written objections to the final order of support of the support magistrate must be submitted within 35 days after the mailing of the order to such party (*see Matter of Lane v Lane,* 8 AD3d 486 [2004]; *Matter of Rinaldi v Rinaldi,* 239 AD2d 506 [1997]). We agree with the husband's contention that since the wife did not submit written objections to the support magistrate's order until more than 35 days after the mailing of the order, the Family Court should have denied the objections on this ground (*see Matter of Herman v Herman,* 11 AD3d 536 [2004]; *Matter of Miller v Smith,* 7 AD3d 629 [2004]; *Matter of Chambers v Chambers,* 305 AD2d 672 [2003]). However, the order of the support magistrate dated March 2, 2004, was subject to the review process set forth in Family Court Act § 439 (e), based upon the husband's timely objection, coupled with the wife's rebuttal to his objections (*see Matter of Boyer v Boyer,* 261 AD2d 968 [1999]; *Matter of Paris v Paris,* 226 AD2d 381 [1996]).

Upon review of the husband's objections, the court properly concluded that the support magistrate erred in determining that the husband demonstrated a substantial change in circumstances to justify a downward modification (*see Matter of Boyer v Boyer, supra; Matter of Hughes v Wasik,* 224 AD2d 982 [1996]). Pursuant to Domestic Relations Law § 236 (B) (9) (b), the court may modify any prior order or judgment with respect to maintenance. The party seeking the modification has the burden of establishing the existence of a "substantial change in circumstances" warranting the modification (*Klapper v Klapper,* 204

AD2d 518, 519 [1994]; *see Comstock v Comstock,* 1 AD3d 308, 309 [2003]; *Matter of Prisco v Buxbaum,* 275 AD2d 461 [2000]). Importantly, in determining if there is a "substantial change in circumstances" to justify a downward modification, the change is measured by comparing the payor's financial circumstances at the time of the motion for downward modification and at the time of the divorce or the time when the order sought to be modified was made (*see Matter of Prisco v Buxbaum, supra; Klapper v Klapper, supra* at 519). Under the circumstances in the present case, the court properly determined that the husband failed to meet his burden (*see Matter of Corr v Corr,* 3 AD3d 567 [2004]). Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.