■ In the Matter of KEITH GREENE, Appellant, v CINDY HOLMES, Respondent. [820 NYS2d 597]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Orange County (Klein, J.), dated March 10, 2004, which denied his objections to an order of the same court (Mandell, S.M.) entered January 23, 2004, which, after a hearing, granted his application for a downward modification of his child support obligations, child care expenses, and health insurance obligation only to the extent of reducing his child support obligation from the sum of $97.67 per week to the sum of $168.00 per month and his child care expenses from the sum of $52.50 per week to the sum of $184.00 per month, sustained the mother's objections to the order entered January 23, 2004, vacated the order entered January 23, 2004, in effect, dismissed his petition for a downward modification of his child support obligations, and reinstated a prior support order of the same court dated October 20, 1999, (2) an order of the same court dated September 24, 2004, which, after a hearing, found that he was in willful violation of the support order dated October 20, 1999, and committed him to the Orange County Jail for a period of six months, and (3) an order of the same court entered February 24, 2005, which, after a hearing, denied his petition for relief pursuant to Family Court Act § 455 from the support order dated October 20, 1999, and the order dated September 24, 2004.

Ordered that the appeals from so much of the order dated September 24, 2004, as committed the appellant to the Orange County Jail for a period of six months, and from so much of the order dated February 24, 2005, as denied his motion for relief from the order dated September 24, 2004, are dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Bradley v Beneduce,* 24 AD3d 546 [2005]; *Matter of Madison County Support Collection Unit v Drennan,* 156 AD2d 883 [1989]); and it is further,

Ordered that the order dated March 10, 2004, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated September 24, 2004, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order entered February 24, 2005, is affirmed insofar as reviewed, without costs or disbursements.

The Family Court properly determined that the father willfully violated the support order dated October 20, 1999. Proof of the father's failure to pay support as ordered constituted "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]) and shifted the burden to him to come forward with competent, credible evidence of his inability to make the support payments (see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). Although the father claimed that he was unable to meet his support obligation because his employment was terminated and he was thereafter diagnosed with bipolar disorder, he failed to offer competent medical evidence to establish that he was unable to obtain employment due to his mental illness (see Matter of Nickerson v Bellinger, 258 AD2d 688 [1999]; Matter of Reed v Reed, 240 AD2d 951 [1997]). Accordingly, the father failed to rebut the mother's prima facie showing by offering sufficient proof of his inability to pay (see Matter of Bradley v Beneduce, supra; Matter of Gayle v Counts, 302 AD2d 521 [2003]).

In addition, the Family Court properly concluded that the Support Magistrate erred in determining that the father demonstrated a substantial change in circumstances to justify a downward modification of the prior support order (see Matter of Sannuto v Sannuto, 21 AD3d 901 [2005]). The party seeking a modification has the burden of establishing the existence of a change in circumstances warranting it (see Domestic Relations Law § 236 [B] [9] [b]; Matter of Sannuto v Sannuto, supra; Matter of Prisco v Buxbaum, 275 AD2d 461 [2000]; Matter of Roth v Bowman, 237 AD2d 447 [1997]). Under the circumstances of this case, the Family Court correctly determined that the father failed to meet his burden (see Matter of Sannuto v Sannuto, supra). The father failed to establish that he lost his employment through no fault of his own (see Matter of La Russo v Spencer, 13 AD3d 1098 [2004]; Matter of Crystal v Corwin, 274 AD2d 683 [2000]; Matter of Ludwig v Reyome, 195 AD2d 1020 [1993]). Moreover, the father had not diligently sought reemployment (see Matter of Yepes v Fichera, 230 AD2d 803 [1996]; Matter of Davis v Davis, 197 AD2d 622 [1993]), nor offered competent medical evidence of his alleged disability (see D'Alesio v D'Alesio, 300 AD2d 340 [2002]).

The father's remaining contentions are without merit. Florio, J.P., Miller, Adams and Skelos, JJ., concur.