■ In the Matter of ALBERT PARASCANDOLA, Appellant, v REBECCA AVILES, Respondent. [874 NYS2d 158]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), dated December 7, 2007, which dismissed his objections to an order of the same court (Patsalos,

S.M.), dated August 20, 2007, which, after a hearing, denied his petition to modify a prior order of child support.

Ordered that the order is affirmed, without costs or disbursements.

Domestic Relations Law § 236 (B) (9) (b) provides that "[u]pon application by either party, the court may annul or modify any prior order or judgment as to maintenance or child support, upon a showing of the recipient's inability to be self-supporting or a substantial change in circumstance . . . including financial hardship." "The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 936 [2008]; *see Carr v Carr*, 187 AD2d 407, 408 [1992]). "Importantly, in determining if there is a 'substantial change in circumstances' to justify a downward modification, the change is measured by comparing the payor's financial circumstances at the time of the motion for downward modification and at the time of the divorce or the time when the order sought to be modified was made" (*Matter of Sannuto v Sannuto*, 21 AD3d 901, 903 [2005]; *see Klapper v Klapper*, 204 AD2d 518, 519 [1994]).

The appellant did not meet his burden of establishing a substantial change in circumstances that would warrant a downward modification in his child support obligation. Although he provided the court with information concerning his income and other financial circumstances at the time the petition for modification was filed, he failed to offer any evidence regarding these matters at the time when the order sought to be modified was made (*see Leroy v Leroy*, 298 AD2d 923, 924 [2002]; *Klapper v Klapper*, 204 AD2d at 519). Accordingly, because the court could not make a comparison between the appellant's financial circumstances in May 2001 when the order sought to be modified was made and March 2007 when the subject petition for modification was filed, the petition was properly denied (*see Klapper v Klapper*, 204 AD2d at 519; *Rosen v Rosen*, 193 AD2d 661, 662 [1993]).

The appellant's remaining contentions are without merit. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.