In the Matter of GEORGE PERREGO, Appellant, v LORRAINE PERREGO, Respondent. [884 NYS2d 70]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Bivona, J.), entered July 28, 2008, which denied his objections to an order of the same court (Braxton, S.M.), entered May 15, 2008, after a hearing, inter alia, in effect, denying his petition for a downward modification of his child support obligation.

Ordered that the order entered July 28, 2008, is affirmed, with costs.

Domestic Relations Law § 236 (B) (9) (b) provides that "[u]pon application by either party, the court may annul or modify any prior order or judgment as to maintenance or child support, upon a showing of the recipient's inability to be self-supporting or a substantial change in circumstance . . . including financial hardship." "The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Nieves-Ford v Gordon,* 47 AD3d 936, 936 [2008]; *see Carr v Carr,* 187 AD2d 407, 408 [1992]). "Importantly, in determining if there is a 'substantial change in circumstances' to justify a downward modification, the change is measured by comparing the payor's financial circumstances at the time of the motion for downward modification and at the time of the divorce or the time when the order sought to be modified was made" (*Matter of Sannuto v Sannuto,* 21 AD3d 901, 903 [2005] [citation omitted]; *see Klapper v Klapper,* 204 AD2d 518, 519 [1994]).

The appellant did not meet his burden of establishing a substantial change in circumstances that would warrant a downward modification in his child support obligation. Although the appellant claimed a loss of business since the time of the divorce, the Support Magistrate was entitled to discredit this testimony, especially since his reported income had increased. "Where issues of credibility are presented, the determinations of a hearing court are accorded great weight on appeal and will not be disturbed if . . . warranted by the record" (*Matter of Piernick v Nazinitsky,* 48 AD3d 690, [2008]; *see Matter of Barrett v Pickett,* 5 AD3d 591, 592 [2004]; *Matter of Jackson v Shuler,* 292 AD2d 529, 530 [2002]; *Matter of Cattell v Cattell,* 254 AD2d 357 [1998]). Moreover, while the appellant claimed that the original child support obligation contained in the judgment of divorce was unfair considering his financial circumstances at that time, as the Support Magistrate correctly noted, the Family Court has no power to review a Supreme Court judgment determining the issue of child support or to determine the issue of child support de novo where the issue already has been determined by the Supreme Court and set forth in a judgment (*see* Family Ct Act § 466; *Matter of Savini v Burgaleta,* 34 AD3d 686, 688-689 [2006]).

The appellant's remaining contentions are without merit. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.

Motion by the respondent on an appeal from an order of the Family Court, Orange County, entered July 28, 2008, inter alia, to strike the appellant's brief or, in the alternative, stated portions thereof on the ground that those portions refer to matter dehors the record. By decision and order on motion of this Court dated March 9, 2009, that branch of the motion which was to strike the appellant's brief or, in the alternative, stated portions thereof was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which was to strike portions of the appellant's brief is granted to the extent that:

(1) the following exhibits annexed to the brief are deemed stricken and have not been considered in the determination of the appeal:

(a) a letter from St. Paul's Roman Catholic Church dated June 13, 2007, identified as "St. Paul's";

(b) transcript of Supreme Court proceedings on April 17, 2007, identified as "SC 4/17";

(c) single page beginning with ¶ 18, identified as "SC 5/31";

(d) the mother's statement of net worth, identified as "SC Net"; and

(e) transcript of Supreme Court proceedings on November 1, 2006, identified as "SC."; and

(2) the following portions of the appellant's brief are deemed stricken and have not been considered in the determination of the appeal:

(a) references to the above-stricken exhibits in the "Table of Contents";

(b) the portion of the third paragraph under "Nature of the Case" beginning with the words "in one case" and ending with the words "Transfer of Assets.)";

(c) the portion of the fourth paragraph under "Nature of the Case" beginning with the words "Respondent's counsel even made" and ending with the words "on visitation" and the associated reference in that paragraph to a Supreme Court transcript;

(d) the sixth paragraph under "Nature of the Case" beginning with the words "Supreme Court" and ending with the words "arriving at a decision";

(e) the eighth paragraph under "Nature of the Case" begin-

ning with the words "Proof lies" and ending with the words "et cetera";

(f) the portion of the ninth paragraph under "Nature of the Case" beginning with the words "yet accepted" and ending with the words "as an asset";

(g) the third sentence on page 2 beginning with the words "Note that" and ending with the words "Page 18.)";

(h) the first sentence on page 4 beginning with the words "The Respondent omitted" and ending with the words "Assets Transferred.)";

(i) the third sentence on page 6 beginning with the words "In the actual" and ending with the words "the 2005.";

(j) the fourth sentence on page 6 beginning with the words "For example" and ending with the words "dated June 13, 2007.)";

(k) the first two full paragraphs on page 7 beginning with the words "Point to be taken" and ending with the words "for use by the Appellant";

(l) the three paragraphs on page 8 beginning with the words "The court" and ending with the words "outcome for his client.";

(m) the portion of the first sentence on page 9 beginning with the words "In this case" and ending with the word "properly";

(n) the third paragraph on page 9 beginning with the words "The fact remains" and ending with the words "1040 Joint Returns.)";

(o) the words "Net Worth statements" in the first sentence of the second paragraph on page 13; and

(p) the portion of the first sentence on page 14 beginning with the words "one way" and ending with the words "look solvent"; and the motion is otherwise denied. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.