■ KENNETH LiGRECI, Respondent, v TERESA LiGRECI, Appellant. [929 NYS2d 253]—

The parties were divorced by judgment dated October 8, 2002. Pursuant to that judgment, the Supreme Court awarded the defendant former wife child support for the parties' three children in the sum of $6,000 per month, and maintenance in the sum of $4,000 per month.

In July 2007 the plaintiff former husband moved to terminate his child support obligations, as the parties' two daughters had turned 21, and their son was now living with him. He also moved to terminate his maintenance obligation, claiming that he could not afford to pay maintenance because he was disabled, unemployed, unable to work, and living on public assistance and money from family members. The plaintiff claimed that he had paid the defendant the sum of $4,000 per month, borrowed from family members, which included payments for some items not included in the judgment of divorce, such as monthly payments for health insurance. The defendant claimed that the plaintiff was actually working for and receiving money from family businesses. She further alleged that the plaintiff was in arrears for child support and maintenance.

The Supreme Court granted those branches of the plaintiff's motion which were to terminate his child support and maintenance obligations, and to cancel all support and maintenance

arrears. The Supreme Court credited the plaintiff with payments for items not included in the judgment of divorce, and found that the plaintiff was disabled and unable to work. The Supreme Court further found that the plaintiff's income was below the poverty income guidelines as reported by the federal Department of Health and Human Services, and that he was living on public assistance, and therefore he was unable to make support or maintenance payments, or to pay arrears.

The Supreme Court erred in awarding the plaintiff credits for payments he made for health insurance, cell phones, and an automobile. The plaintiff's voluntary payments for the benefit of the children, not made pursuant to a court order, may not be credited against the amounts due pursuant to the judgment of divorce (*see Horne v Horne*, 22 NY2d 219, 224 [1968]; *Matter of Hang Kwok v Xiao Yan Zhang*, 35 AD3d 467 [2006]; *Matter of Finell v Finell*, 25 AD3d 703 [2006]; *Matter of Gleason v Gleason*, 247 AD2d 384 [1998]; *Lefkow v Lefkow*, 188 AD2d 589 [1992]; *Soltow v Soltow*, 47 AD2d 652 [1975]). The plaintiff had no right to have the sum of payments he made voluntarily deducted from the sums he was obligated to pay (*see Horne v Horne*, 22 NY2d at 224).

The Supreme Court properly found that the plaintiff's child support obligation had terminated. The parties' daughters became emancipated on January 22, 2006, and January 23, 2007, respectively, and the parties' son began to live with the plaintiff in December 2008. The Supreme Court correctly determined that no support could be calculated for each child beyond those dates (*see* Family Ct Act § 413 [1] [a]; *Matter of Forte v Forte*, 304 AD2d 577 [2003]; *Matter of Weis v Castagna*, 292 AD2d 625 [2002]).

However, the Supreme Court erred in terminating the plaintiff's maintenance obligation. The plaintiff failed to show that he was entitled to such termination. Where a party seeks to modify a maintenance obligation set forth in a judgment of divorce, that party must show a substantial change in circumstances warranting such a modification. Such a change may include financial hardship (*see* Domestic Relations Law § 236 [B] [9] [b] [1]; *Matter of Perrego v Perrego*, 63 AD3d 1072 [2009]; *Zolan v Zolan*, 2 AD3d 632 [2003]; *Sass v Sass*, 276 AD2d 42 [2000]; *Matter of Prisco v Buxbaum*, 275 AD2d 461 [2000]; *Sitler v Sitler*, 266 AD2d 202 [1999]). In determining if there is a substantial change in circumstances to justify a downward modification, the change is measured by comparing the payor's financial circumstances at the time of the motion for downward modification and at the time of the divorce, or the time when

the order sought to be modified was made (*see Matter of Perrego v Perrego*, 63 AD3d 1072 [2009]; *Matter of Prisco v Buxbaum*, 275 AD2d 461 [2000]; *Matter of Sannuto v Sannuto*, 21 AD3d 901 [2005]; *Klapper v Klapper*, 204 AD2d 518 [1994]).

The plaintiff failed to establish that there had been a reduction in his income since the judgment of divorce was issued. The plaintiff himself claims that his income was reduced from his prior income as of September 11, 2001, 13 months before the entry of the judgment of divorce (*see Matter of Fein v Gilchrist*, 23 AD3d 558 [2005]; *see also Matter of Mazzola v Lee*, 76 AD3d 531 [2010]). In fact, the plaintiff's income had increased, at least for a time after the judgment of divorce was issued on October 8, 2002.

Furthermore, the letters from the plaintiff's physicians did not establish a change of circumstances since the October 8, 2002, judgment of divorce. According to these physicians, the plaintiff's ailments were a result of his work at the World Trade Center site on and after September 11, 2001. However, none of the physicians stated at what point the plaintiff became totally disabled and unable to work. Thus, the letters do not establish a change in his condition since the judgment of divorce was issued.

Since the plaintiff failed to show that his financial and/or medical circumstances changed for the worse after the judgment of divorce was issued, and his income increased at least for a time afterward, the Supreme Court should have denied that branch of his motion which was to terminate his maintenance obligation.

The Supreme Court also erred in granting that branch of the plaintiff's motion which was to cancel all child support arrears. Domestic Relations Law § 236 (B) (9) (b) (2) (iii) provides that child support arrears which have accrued prior to the date of an application to annul or modify a prior order or judgment as to support shall not be reduced or annulled. However, Family Court Act § 413 (1) (g) provides that where the noncustodial parent's income is less than or equal to the poverty income guidelines amount for a single person, as reported by the federal department of health and human services, unpaid child support arrears in excess of $500 shall not accrue. Although Family Court Act § 413 (1) (b) (5) (vii) (E) provides that public assistance shall be deducted from income, Family Court Act § 413 (1) (b) (5) (iii) (B) and (D) provide that income does include disability benefits and Social Security benefits. Furthermore, Family Court Act § 413 (1) (b) (5) (iv) (D) provides that the court may, in its discretion, attribute or impute income from other re-

sources that may be available, including, but not limited to, money, goods, or services provided by relatives and friends (see *Matter of Ladd v Suffolk County Dept. of Social Servs.*, 199 AD2d 393 [1993]).

Issues of fact exist as to the amount of the plaintiff's income and his ability to pay child support arrears. Issues of fact also exist as to whether the plaintiff was working for family businesses and/or operating a catering business, and whether he failed to report the resulting income. Furthermore, the plaintiff acknowledged that he received money from his family, which a court may impute as income to the plaintiff. There are also triable issues of fact as to whether and when the plaintiff was living below the income level provided in the poverty income guidelines. Given these issues of fact, it is unclear whether the plaintiff's allegedly impoverished circumstances dictated dropping his support obligation to $0 (see *Matter of Rose v Moody*, 83 NY2d 65, 67 [1993], *cert denied* 511 US 1084 [1994]). Thus, the Supreme Court erred in granting that branch of the plaintiff's motion which was to cancel all child support arrears without first holding a hearing (see *Lee v Lee*, 18 AD3d 513 [2005]). Accordingly, we remit the matter to the Supreme Court for a hearing to determine the issues relating to the plaintiff's employment history and income, and to determine the amount of child support arrears, if any, owed by the plaintiff.

The Supreme Court erred in granting that branch of the plaintiff's motion which was to cancel all maintenance arrears. Domestic Relations Law § 236 (B) (9) (b) provides that no arrears of maintenance which have accrued prior to the making of an application to modify or annul a prior order or judgment as to maintenance may be modified or annulled unless the defaulting party shows good cause for failure to make an application for relief from the judgment or order directing payment prior to the accrual of such arrears. Here, the plaintiff failed to move for relief from the judgment of divorce until after maintenance arrears had accrued, and failed to show good cause for his failure to move prior to the accrual of such arrears.

Furthermore, there are issues of fact as to the amount of maintenance actually owed. The plaintiff provided a spreadsheet of payments made to the defendant, including several payments for which no purpose is specified, and it is not known whether those payments were for maintenance or some other purpose. Also, the defendant claimed to have received the sum of $26,830.50 in payments, and claimed the sum of $469,954.98 in arrears as of September 12, 2006, but it is not known how much of those payments or arrears was for maintenance. The plaintiff

claimed that he paid the defendant approximately $4,000 per month, but some of that money was voluntarily paid, not pursuant to a court order, for purposes other than maintenance. Since these issues of fact make it impossible to ascertain the actual amount of maintenance arrears owed by the plaintiff to the defendant, the matter should be remitted to the Supreme Court for a hearing to determine the amount of maintenance arrears, if any, owed by the plaintiff (*see Rogers v Rogers*, 151 AD2d 738 [1989]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.