■ KATHLEEN A. ROONEY, Appellant, v ROBERT R. ROONEY, Respondent. [951 NYS2d 682]—

Domestic Relations Law § 236 (B) (9) (b) provides that upon the application of a party in a matrimonial action, the court may modify any prior order or judgment as to child support upon a showing of a substantial change in circumstances (*see Matter of Rodriguez v Mendoza-Gonzalez*, 96 AD3d 766 [2012]; *LiGreci v LiGreci*, 87 AD3d 722, 724 [2011]; *D'Alesio v D'Alesio*, 300 AD2d 340, 341 [2002]). The party seeking the modification has the burden of establishing such a change in circumstances (*see Matter of Rodriguez v Mendoza-Gonzalez*, 96 AD3d at 766; *D'Alesio v D'Alesio*, 300 AD2d at 341; *Klapper v Klapper*, 204 AD2d 518, 519 [1994]).

Financial hardship may constitute a substantial change in circumstances (*see* Domestic Relations Law § 236 [B] [9] [b]; *LiGreci v LiGreci*, 87 AD3d at 724; *Matter of Perrego v Perrego*, 63 AD3d 1072, 1073 [2009]). In determining if there is a substantial change in circumstances to justify a downward modification, the change is measured by comparing the payor's financial circumstances at the time of the motion for downward modification and at either the time of the divorce, or the time when the order sought to be modified was made (*see Matter of Rodriguez v Mendoza-Gonzalez*, 96 AD3d at 766; *LiGreci v LiGreci*, 87 AD3d at 724; *Klapper v Klapper*, 204 AD2d at 519).

Here, the defendant did not satisfy his prima facie burden of

establishing a substantial change in circumstances, as he failed to offer any evidence demonstrating his financial status either at the time of the divorce or at the time his motion was made (*see LiGreci v LiGreci*, 87 AD3d at 724; *Comstock v Comstock*, 1 AD3d 308, 309 [2003]; *Klapper v Klapper*, 204 AD2d at 519; *see also D'Alesio v D'Alesio*, 300 AD2d at 341; *cf. Matter of Guinan v Hall*, 265 AD2d 556 [1999]). Accordingly, the Supreme Court should have denied that branch of his motion which was for a downward modification of his child support obligation.

In light of the foregoing, we need not reach the plaintiff's remaining contention. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.