■ In the Matter of FERNANDO NUESI, Appellant, v IRADI GAGO, Respondent. [960 NYS2d 186]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Gruebel, J.), dated April 12, 2012, which denied his objections to an order of the same court (Fasone, S.M.), dated December 15, 2011, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated April 12, 2012, is affirmed, without costs or disbursements.

The terms of a stipulation of settlement that is incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Merl v Merl*, 67 NY2d 359, 362 [1986]). However, the court has the power to modify such terms upon a showing of a substantial and unanticipated change in circumstances (*see Merl v Merl*, 67 NY2d at 362; *Martin v Martin*, 80 AD3d 579, 580 [2011]). "In determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order or judgment" (*Matter of McAndrew v McAndrew*, 84 AD3d 1381, 1382 [2011]; *Basile v Wiggs*, 82 AD3d 921, 921 [2011]). Here, the father did not meet his burden of establishing a substantial change in circumstances that would warrant a downward modification of his child support obligation. Although he provided the Family Court with information concerning his income and other financial circumstances as of the time the petition for modification was filed, he failed to offer any evidence regarding these matters as of the time of the judgment of divorce (*see Rooney v Rooney*, 99 AD3d 785, 786 [2012]; *Matter of Parascandola v Aviles*, 59 AD3d 449, 450 [2009]; *Klapper v Klapper*, 204 AD2d 518, 519 [1994]).

The father's remaining contentions are without merit. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.