In a matrimonial action in which the parties were divorced by judgment entered July 9, 2001, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated November 2, 2011, as granted the plaintiffs motion for reargument, and upon reargument, vacated so much of an order of the same court dated June 27, 2011, as granted that branch of the defendant’s motion which sought a downward modification of his maintenance obligation, and thereupon denied that branch of the motion.
Ordered that the order dated November 2, 2011, is affirmed insofar as appealed from, with costs.
Domestic Relations Law § 236 (B) (9) (b) provides that in a matrimonial action, the court may modify the maintenance pro *786 visions of any prior order or judgment upon a showing of “a substantial change in circumstance . . . including financial hardship” (Domestic Relations Law § 236 [B] [9] [6]). The party seeking the modification of a maintenance award has the burden of establishing the existence of a change in circumstances warranting the modification (see Rooney v Rooney, 99 AD3d 785 [2012]; Matter of Parascandola v Aviles, 59 AD3d 449 [2009]; Klapper v Klapper, 204 AD2d 518, 519 [1994]). In determining whether there has been a substantial change in circumstances sufficient to warrant a downward modification, the change is to be measured by a comparison between the payor’s financial circumstances at the time of the motion for downward modification and at the time of the divorce or, as the case may be, the time that the order of which modification is sought was made (see Rooney v Rooney, 99 AD3d at 785; Matter of Parascandola v Aviles, 59 AD3d at 449; Matter of Sannuto v Sannuto, 21 AD3d 901 [2005]).
Here, the Supreme Court properly granted the plaintiffs motion for reargument (see Matter of New York Cent. Mut. Ins. Co. v Davalos, 39 AD3d 654 [2007]; CPLR 2221 [d] [2]), and, upon reargument, properly vacated its prior order granting that branch of the defendant’s motion which was for a downward modification of his maintenance obligation. The defendant failed to meet his burden of establishing that his disability and retirement constituted substantial changes in circumstance warranting a downward modification of his maintenance obligation (see Matter of Sannuto v Sannuto, 21 AD3d at 901). The evidence established that the substantial lump sum pension payment the defendant received upon his retirement rendered him financially capable of meeting his maintenance obligation to the plaintiff until she reaches the age of 65. Skelos, J.P., Dillon, Dickerson and Chambers, JJ., concur.