Rabinovich v Shevchenko (2018 NY Slip Op 01493)





Rabinovich v Shevchenko


2018 NY Slip Op 01493


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-10633
 (Index No. 21182/04)

[*1]Alexander Rabinovich, appellant, 
v
Oksana Shevchenko, respondent.


Richard A. Kraslow, P.C., Melville, NY, for appellant.
Tor Jacob Worsoe, Jr., Holtsville, NY, for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Marlene L. Budd, J.), dated September 2, 2015. The order, insofar as appealed from, denied, without a hearing, the plaintiff's motion for a downward modification of his maintenance obligation.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married in 1997, and divorced by judgment entered July 28, 2011. In the judgment, the defendant was awarded lifetime maintenance in the sum of $5,000 per month. On a prior appeal by the plaintiff, this Court affirmed that provision of the judgment, observing that the defendant was suffering from a medical condition and was unable, for the foreseeable future, to be self-supporting (see Rabinovich v Shevchenko, 93 AD3d 774, 775). In 2012, the plaintiff moved for a downward modification of his maintenance obligation, the motion was denied without a hearing, and this Court affirmed (see Rabinovich v Shevchenko, 120 AD3d 786). In 2015, the plaintiff again moved for a downward modification of his maintenance obligation. That motion was denied without a hearing, and the plaintiff now appeals from that portion of the order.
Domestic Relations Law § 236(B)(9)(b) provides that, in a matrimonial action, the court may modify the maintenance provisions of any prior order or judgment upon a showing of "a substantial change of circumstance . . . including financial hardship." The party seeking the modification of a maintenance award has the burden of establishing the existence of a change in circumstances warranting the modification (see Rabinovich v Shevchenko, 120 AD3d 786; Taylor v Taylor, 107 AD3d 785, 786; Rooney v Rooney, 99 AD3d 785). Further, " [o]n a motion for downward modification of . . . maintenance obligations, an evidentiary hearing is necessary only where the proof submitted by the movant is sufficient to show the existence of a genuine issue of fact'" (Schwartz v Schwartz, 153 AD3d 953, 956, quoting Reback v Reback, 93 AD3d 652, 652-653).
Here, the plaintiff has not demonstrated, prima facie, a substantial change in his financial circumstances from the time the judgment of divorce was entered (see Noren v Babus, 144 AD3d 762, 764; Rabinovich v Shevchenko, 120 AD3d 786). Indeed, the plaintiff's financial [*2]circumstances are substantially unchanged from the time he last moved, unsuccessfully, to modify his maintenance obligation. Further, the plaintiff's mere speculation that the defendant's medical condition must be resolved by this point, and that she must have regained the ability to be self-supporting, similarly failed to establish, prima facie, a change of circumstances warranting modification. Accordingly, the Supreme Court properly denied, without a hearing, the plaintiff's motion for a downward modification of his maintenance obligation.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court