Matter of Connor v Connor (2019 NY Slip Op 02520)





Matter of Connor v Connor


2019 NY Slip Op 02520


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P. Submitted - February 19, 2019
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-07360
 (Docket No. F-18273-08/17G, H)

[*1]In the Matter of Jacqueline Connor, respondent, 
v
John J. Connor, appellant.


Barry V. Pittman, Bightwaters, NY, for appellant.
Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the former husband appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated May 14, 2018. The order denied the former husband's objections to an order of the same court (John E. Raimondi, S.M.) dated February 16, 2018, which, after a hearing, denied his petition for a downward modification of his spousal support obligation, granted the former wife's violation petition, found that the former husband willfully violated a prior order of spousal support, and directed the entry of a money judgment in favor of the former wife and against him in the sum of $6,000.
ORDERED that the order dated May 14, 2018, is affirmed, with costs.
The parties, who have two children together, were divorced by judgment entered September 2, 2010, upon the former husband's default. The judgment, inter alia, directed the former husband to pay spousal support to the former wife in the sum of $75 per week, as set forth in a prior order of support dated December 23, 2008, also entered upon the former husband's default. The order of support dated December 23, 2008, provided that the former husband's obligation to pay spousal support would terminate upon the former wife's death. Thereafter, in an order dated July 22, 2016, a Support Magistrate terminated the former husband's child support obligation with respect to the parties' youngest child, and directed the former husband to continue paying weekly spousal support in the sum of $75. In July 2017, the former wife commenced this proceeding pursuant to Family Court Act article 4, alleging that the former husband was in willful violation of his spousal support obligation. In August 2017, the former husband filed a petition seeking a downward modification of his spousal support obligation.
In an order dated February 15, 2018, after a hearing, the Support Magistrate denied the former husband's petition for a downward modification, granted the former wife's violation petition, found that the former husband willfully violated his spousal support obligation, and directed the entry of a money judgment against the former husband in the sum of $6,000. The former husband filed objections to the Support Magistrate's order and, by order dated May 14, 2018, the Family Court denied the objections. The former husband appeals.
Contrary to the former wife's contention, the record on appeal is adequate to enable this Court to reach an informed determination on the merits.
The Family Court may modify any prior order or judgment with respect to maintenance (see Domestic Relations Law § 236[B][9][b]; Matter of Rodriguez v Mendoza-Gonzalez, 96 AD3d 766, 766). "The party seeking the modification of a maintenance award has the burden of establishing the existence of the change in circumstances that warrants the modification'" (Noren v Babus, 144 AD3d 762, 764, quoting Rabinovich v Shevchenko, 120 AD3d 786, 786). "Importantly, in determining if there is a substantial change in circumstances to justify a downward modification, the change is measured by comparing the payor's financial circumstances at the time of the motion for downward modification and at the time of the divorce or the time when the order sought to be modified was made" (Matter of Parascandola v Aviles, 59 AD3d 449, 450 [internal quotation marks omitted]; see Taylor v Taylor, 107 AD3d 785, 785).
Here, the former husband failed to establish a substantial change in circumstances warranting a downward modification or termination of his spousal support obligation. Although the former husband provided the Support Magistrate with evidence concerning his income and other financial circumstances as of August 2017, when he filed his petition, he failed to offer any evidence regarding his financial status at the time of the parties' divorce (see Rabinovich v Shevchenko, 159 AD3d 754, 755; Matter of Nuesi v Gago, 103 AD3d 897, 898; Rooney v Rooney, 99 AD3d 785, 786; cf. Isichenko v Isichenko, 161 AD3d 833, 834). In addition, the reduction in the former husband's income from 2016 to 2017 did not constitute a substantial change in circumstances sufficient to warrant a downward modification of his spousal support payments (see Matter of Valverde v Owens, 160 AD3d 753, 75; Watrous v Watrous, 292 AD2d 691, 693). Furthermore, although there was evidence that the former wife's income had increased since the parties' divorce, the record demonstrated that the former husband's future earning prospects far exceed the former wife's, and that the former wife, although working two jobs earning minimum wage, was unable to maintain her own apartment, owned a 2002 Toyota Camry, and had not been on vacation since prior to the parties' divorce. Contrary to the former husband's contention, the Support Magistrate did not improvidently exercise his discretion in declining to adjourn the proceeding in the absence of complete financial disclosure by the former wife (see Family Ct Act § 424-a; Matter of Mata v Nebesnik, 107 AD3d 1369, 1370). Moreover, the former husband failed to demonstrate that modification of his spousal support obligation was warranted under Domestic Relations Law § 248. Although the former wife testified that she had been living with a male friend with whom she was "romantically involved" for "less than a year," there was insufficient evidence that the former wife was "holding . . . herself out" as that man's spouse (Domestic Relations Law § 248; see Matter of Bliss v Bliss, 66 NY2d 382, 387-388; Northrup v Northrup, 43 NY2d 566, 572; Campello v Alexandre, 155 AD3d 1381, 1383; Levy v Levy, 143 AD2d 975, 977). Under these circumstances, we agree with the Family Court's denial of the former husband's objections to so much of the Support Magistrate's order as denied his petition for a downward modification of his spousal support obligation.
We also agree with the Family Court's denial of the former husband's objections to so much of the Support Magistrate's order as granted the former wife's violation petition. The former husband's admitted failure to pay spousal support since July 2016 constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69). Once this prima facie showing was made, the burden shifted to the former husband to offer competent, credible evidence that his failure to pay spousal support was not willful (see Matter of Kuechenmeister v Kuechenmeister, 158 AD3d 801, 802). The former husband failed to satisfy his burden (see Matter of Tordella-DiPalma v DiPalma, 128 AD3d 709, 710).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court