Matter of Roberts v Roberts (2019 NY Slip Op 07787)





Matter of Roberts v Roberts


2019 NY Slip Op 07787


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-12186
 (Docket No. F-15924-15/18H)

[*1]In the Matter of Todd Roberts, appellant, 
v
Kristen Roberts, respondent.


The Law Firm of William G. Sayegh, P.C., Carmel, NY (Maria C. Corrao of counsel), for appellant.
Campagna Johnson, P.C., Hauppauge, NY (Nicholas E. Arazoza and Bryan R. Johnson of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated September 12, 2018. The order denied the father's objections to (1) an order of the same court (Darlene Jorif-Mangane, S.M.) dated July 12, 2018, after a hearing, and upon findings of fact dated July 11, 2018, dismissing his petition for a downward modification of his maintenance and child support obligations, (2) an order of the same court, also dated July 12, 2018, granting the motion of the mother's attorney for an award of counsel fees, and (3) an order of the same court dated July 13, 2018, directing the entry of a money judgment in favor of the mother's attorney and against the father in the principal sum of $9,221.25.
ORDERED that the order dated September 12, 2018, is affirmed, with costs.
The parties, who have two children together, were divorced by a judgment of divorce of the Superior Court of New Jersey dated June 30, 2014. Pursuant to the judgment, the parties were awarded joint legal custody of their children, and the mother was awarded primary residential custody. The father was directed to pay maintenance to the mother in the amount of $1,750 per week from July 1, 2014, to June 30, 2022, and child support in the amount of $250 per week.
In February 2018, the father filed a petition in the Family Court, Suffolk County, for a downward modification of his maintenance and child support obligations. Following a hearing, the Support Magistrate issued three orders, which, respectively, dismissed the father's petition, granted a motion of the mother's attorney for an award of counsel fees, and directed the entry of a money judgment in favor of the mother's attorney and against the father in the principal sum of $9,221.25. The father filed objections to the Support Magistrate's orders. In an order dated September 12, 2018, the Family Court denied the father's objections. The father appeals.
We agree with the Family Court's determination to deny the father's objections. A party seeking a downward modification of his or her spousal maintenance and child support obligations set forth in a judgment of divorce must establish a substantial change in circumstances (see Family Ct Act §§ 466[c][ii]; 451[3][a]; Matter of Berg v Berg, 166 AD3d 766; Matter of Kolodny v Perlman, 143 AD3d 818). In support of his petition, the father failed to provide any [*2]evidence of his income or financial status at the time of the divorce or at the time of his prior unsuccessful petition for a downward modification (see Matter of Connor v Connor, 171 AD3d 746; Matter of Nuesi v Gago, 103 AD3d 897; Klapper v Klapper, 204 AD2d 518). Furthermore, while loss of employment may constitute a substantial change in circumstances where the termination occurred through no fault of the party seeking modification, and he or she diligently sought re-employment commensurate with his or her earning capacity (see Matter of Berg v Berg, 166 AD3d at 766; Matter of Lorenzo v Lorenzo, 146 AD3d 959; Matter of Vasquez v Powell, 111 AD3d 754), here, the father failed to establish that his loss of employment occurred through no fault of his own. The father did not submit any evidence demonstrating that the asserted reduction in his income was the result of anything other than self-created hardship (see Reback v Reback, 93 AD3d 652; Grettler v Grettler, 12 AD3d 602). Deference should be given to the credibility determinations of the Support Magistrate, and there is no basis to disturb those findings, which are supported by the record (see Matter of Robinson v Thomas, 167 AD3d 749; Matter of Muller v Muller, 156 AD3d 644; Matter of Pepe v Pepe, 128 AD3d 831).
A support magistrate need not rely upon a party's own account of his or her finances, but may impute income on the basis of the party's past income or demonstrated potential earnings (see Matter of Picone v Golio, 170 AD3d 859; Matter of Spano v Spano, 168 AD3d 857; Matter of Wei-Fisher v Michael, 155 AD3d 883). A support magistrate is afforded considerable discretion in determining whether to impute income to a party (see Matter of Picone v Golio, 170 AD3d 859; Matter of Levin v Blum, 167 AD3d 609; Matter of Vela v Land-Wheatley, 165 AD3d 807). The Support Magistrate's findings regarding the father's income were based on credibility determinations and are supported by the record. Accordingly, they should not be disturbed (see Matter of Pacheco v Pacheco, 163 AD3d 576; Matter of Saladino v Saladino, 115 AD3d 867; Matter of Kennedy v Ventimiglia, 73 AD3d 1066).
A court may allow counsel fees at any stage of a proceeding under Family Court Act article 4 (see Family Ct Act § 438). In determining an appropriate award of counsel fees, the court must consider factors such as "the parties' ability to pay, the merits of the parties' positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances" (Matter of Westergaard v Westergaard, 106 AD3d 926, 926-927). Ultimately, the award should be based upon the totality of the circumstances, including the equities and circumstances of each particular case (see Matter of Lerner v Lerner, 168 AD3d 736, 739; Waldron v Waldron, 229 AD2d 433, 434). Under the totality of the circumstances of this case, the mother was entitled to an award of counsel fees, and the Support Magistrate did not improvidently exercise her discretion in directing the entry of a money judgment in favor of the mother's attorney.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court