Matter of Marianne L. v Thomas L. (2024 NY Slip Op 03385)

Matter of Marianne L. v Thomas L.

2024 NY Slip Op 03385

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, O'Neill Levy, JJ. 

Docket No. F3360-19/19 Appeal No. 2537 Case No. 2024-00504 

[*1]In the Matter of Marianne L., Petitioner-Appellant,
v
Thomas L., Respondent-Respondent.

Green Kaminer Min & Rockmore LLP, New York (Michael Banuchis of counsel), for appellant.
Nelson, Robinson & El Ashmawy, PLLC, New York (Daniel X. Robinson of counsel), for respondent.

Order, Family Court, New York County (Hasa A. Kingo, J.), entered on or about July 13, 2023, which denied the objections of petitioner mother to an order, same court (Melvin C. Dalere, S.M.), entered on or about May 8, 2023, dismissing, without prejudice, the mother's upward modification petition as to respondent father's child support obligation, unanimously affirmed, without costs.
The parties were married in 1999 and have one child together, born in October 2006. In 2014, the parties entered into a stipulation of settlement and agreement (agreement) which was incorporated but not merged into the 2015 judgment of divorce. The agreement contained a specific recital that the parties' respective child support obligations would be governed by the agreement rather than by the Child Support Standards Act (CSSA). To the extent the child support in the agreement deviated from the calculation of child support under the CSSA, the parties expressly waived its application. As required by Family Court Act § 413(1)(h), the agreement included a computation of the amount of child support under the CSSA guidelines, an acknowledgement that the amount of the award might be different, and the reasons why the parties chose to deviate from the guidelines. For purposes of this calculation, the agreement stated the father's "adjusted income for child support purposes [as] approximately $480,000" and the mother's as $355,000, and that if the guidelines were applied to total parental income, the father's support obligation would be $6,743 per month. The agreement further stated that the parties were not relying on these computations and had "agreed to deviate from the provisions of the CSSA for various reasons . . . including division of property between the parties [pursuant to the agreement]."
In 2019, the mother sought an upward modification in the agreed-to child support based on a substantial change in circumstances, contending, among other things, that the father's income had increased substantially from the amount in the stipulation.
Upward modification was properly denied. In determining if there is a substantial change in circumstances so as to justify the modification requested, such change is measured by comparing the parties' financial circumstances at the time of the application for a modification and the time when the order sought to be modified was made (see Matter of Parascandola v Aviles, 59 AD3d 449, 450 [2d Dept 2009]; see also Matter of Solomon M. v Adelaide M., 192 AD3d 424, 425 [1st Dept 2021] [actual income, not imputed income, used as the basis for determination if a downward modification was warranted]). Based on the father's 2014 tax returns, which reflected his actual income at the time of the stipulation, the amounts shown in the father's 2018 and 2019 income documents were less than, not greater than, his 2014 income. Contrary to the mother's contention, the income listed in the stipulation was not a "starting point" for calculation of [*2]a substantial change in circumstances. Rather, as outlined in the agreement, the stipulated income was clearly employed to satisfy the statutory requirements for waiver of the provisions of the CSSA.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024