In the Matter of CINDY CATALANO, Appellant, v DAVID CATALANO, JR., Respondent. [744 NYS2d 886] —In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Rockland County (Garvey, J.), entered July 27, 2001, which denied her objections to an order of the same court (Miklitsch, H.E.), dated May 16, 2001, which denied her application for an upward modification of child support.

Ordered that the order is affirmed, without costs or disbursements.

The parties originally resided in New York with the children, and were divorced by judgment of the Supreme Court,

Rockland County, entered April 30, 1990. In 1998, the mother brought a child support proceeding in the Family Court, Rockland County. At that juncture, the mother and the children resided in New Jersey, and the respondent father resided in Rockland County. The mother was awarded child support of $192 per week.

In 1999, the mother sought enforcement of that order in the Family Court, Rockland County. At that juncture, the father was living in Florida, while the mother and the children remained in New Jersey. The Family Court held that New York was the proper venue to enforce its order of support pursuant to the Uniform Interstate Family Support Act.

Thereafter, the mother moved for upward modification of the father's child support obligation on the ground that the father had misrepresented his income when child support was originally awarded. By order dated May 16, 2001, the Hearing Examiner dismissed the petition on the ground that New York was not the appropriate forum for the proceeding, since neither of the parties or their children resided in New York. The Family Court denied the mother's objections to the order of the Hearing Examiner.

The Uniform Interstate Family Support Act, which is codified at Family Court Act article 5-B, is applicable to the instant case. Pursuant to Family Court Act § 580-205 (a), a court has continuing, exclusive jurisdiction to modify a child support order: "(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or (2) until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction."

Family Court Act § 580-205 (c) provides that if a state loses continuing exclusive jurisdiction, it still may enforce the order. Therefore, the fact that the Family Court in the instant case held that it should entertain the application to enforce the order was *not* inconsistent with its ruling that it was inappropriate for it to entertain the application to modify the order.

Pursuant to Family Court Act § 580-205 (a) (1), New York no longer has exclusive jurisdiction to modify its prior order. Under the circumstances of this case, it would be inappropriate for the Family Court, Rockland County, to entertain the mother's application for modification (*see Mamberg v Epstein,* 272 AD2d 200). Accordingly, the mother's objections were properly denied. Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.