■ In the Matter of Elizabeth Savini, Respondent, v Eugene Burgaleta, Appellant. [825 NYS2d 493]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so

much of an order of the Family Court, Rockland County (Warren, J.), entered February 8, 2006, as denied his objections to so much of an order of the same court (Miklitsch, S.M.) dated August 22, 2005, as, in effect, invalidated the child support provision of a stipulation dated October 29, 1996 incorporated but not merged in a judgment of divorce, and awarded the mother child support, arrears, and an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the objection to so much of the order dated August 22, 2005, as, in effect, invalidated the child support provision of the stipulation dated October 29, 1996, incorporated but not merged in the judgment of divorce, and awarded the mother child support, arrears, and an attorney's fee is sustained, so much of the order dated August 22, 2005, as, in effect, invalidated the child support provisions of the stipulation dated October 29, 1996 and awarded the mother child support, arrears, and an attorney's fee is vacated, and the matter is remitted to the Family Court, Rockland County, for a new hearing and, thereafter, a new determination of that branch of the petition which was to enforce the child support provisions of the judgment of divorce, in accordance herewith.

On October 29, 1996 the appellant father entered into a stipulation with the mother which provided, in relevant part, that the father would "pay to the [mother] as and for child support 29 percent of his gross salary as defined under the Child Support Standards Act on a weekly basis calculated on actual income." That stipulation was later incorporated but not merged into a judgment of divorce of the Supreme Court, Rockland County, entered September 2, 1997.

In a handwritten agreement dated April 19, 1997, which was neither incorporated nor merged into the divorce judgment, the mother allegedly agreed, inter alia, to accept the sum of $200 per week from the father as child support and not to commence any proceeding to recover the difference between that amount and the percentage of gross salary specified in the prior stipulation.

On or about August 11, 2004 the mother commenced the instant proceeding, inter alia, to enforce the child support provisions of the judgment of divorce. By order to show cause dated October 26, 2004 the father attempted, in effect, to have the petition transferred to the Supreme Court, and to have it dismissed based on the terms of the handwritten agreement dated April 19, 1997. By order dated January 27, 2005 the Supreme Court determined, inter alia, that the April 19, 1997

agreement was not a valid modification agreement because it failed to comply with the provisions of Domestic Relations Law § 240 (1-b) (h). The Supreme Court denied the father's motion to transfer the remaining portions of the Family Court petition to the Supreme Court.

Subsequently, the Support Magistrate, sua sponte, determined that "the prior Judgment of Divorce and the stipulations did not comply with the Child Support Standards Act" and therefore informed the parties that she would consider the issue of child support de novo. She directed the father, in the interim, to pay child support in the amount $446.15 per week effective February 11, 2005. After a hearing, the Support Magistrate determined, in relevant part, that the father should pay $559.78 per week in child support until June 29, 2005, and $482.57 thereafter, and made the order retroactive to the date of the petition. The Support Magistrate also awarded the mother an attorney's fee in the sum of $11,990.

The father filed various objections to the Support Magistrate's findings and order. In relevant part, he claimed that the Support Magistrate was without jurisdiction to hold a de novo hearing on the issue of child support as if the judgment of divorce had never existed. By order entered February 8, 2006, the Family Court, inter alia, denied the father's objections. This appeal followed.

We agree with the father that the Family Court was without subject matter jurisdiction, in effect, to vacate as illegal so much of the judgment of divorce as directed the father to pay child support and, thereafter, to determine the issue of child support de novo.

New York Constitution, article 6, § 13 (c) provides that the Family Court is vested with limited jurisdiction "to determine, with the same powers possessed by the [S]upreme [C]ourt, the following matters *when referred to the [F]amily [C]ourt from the [S]upreme [C]ourt*: . . . in actions and proceedings for . . . divorce, . . . applications to fix temporary or permanent support . . . or applications to enforce judgments and orders of support" (emphasis added).

Similarly, Family Court Act § 466 provides, in relevant part, that, unless the Supreme Court directs otherwise, the Family Court may entertain an application to *enforce* an order or decree of the Supreme Court granting support, or an application to *modify* such order or decree "on the ground that there has been a subsequent change of circumstances and that modification is required."

The Supreme Court's judgment of divorce provided, in rele-

vant part, that the Supreme Court "retain[ed] jurisdiction of the matter concurrently with the Family Court for the purpose of specifically *enforcing* such of the provisions of [the October 29, 1996, stipulation of child support] as are capable of specific enforcement, to the extent permitted by law" (emphasis added).

Nowhere in the Constitution, in the Family Court Act, or in the judgment of divorce itself, is the Family Court empowered, in effect, to invalidate a stipulation incorporated into the judgment of divorce entered by the Supreme Court. Significantly, the purpose of the mother's petition was to *enforce* the terms of the stipulation of October 29, 1996—not to have it declared illegal. Had either party questioned the legality of the stipulation, the issue should have been determined by the Supreme Court, which had issued the judgment in which the stipulation was incorporated.

Accordingly, because the Family Court was without jurisdiction, in effect, to invalidate the stipulation and determine the child support issue de novo, we reverse the order dated February 8, 2006, insofar as appealed from, sustain the father's objection that the Support Magistrate was without jurisdiction, in effect, to invalidate the child support provisions of the stipulation dated October 29, 1996, sustain the father's objections to the awards of child support, arrears, and an attorney's fee, vacate the relevant portions of the order dated August 22, 2005, and remit the matter to the Family Court, Rockland County, for a new hearing and, thereafter, for a new determination of that branch of the mother's petition, as originally framed, which was to enforce the child support provisions of the judgment of divorce.

In light of our determination, we do not reach the parties' remaining contentions. Florio, J.P., Krausman, Fisher and Covello, JJ., concur.