In the Matter of CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MELISSA M. CARDONE, Appellant, v JACK A. CALHOUN, JR., Respondent. [883 NYS2d 407]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered July 28, 2008 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, denied the objections of petitioner to the order of the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the objections in part and vacating the directive that the New York State order shall terminate in 90 days if not registered in a state in which

one of the parties resides and as modified the order is affirmed without costs.

Memorandum: Petitioner, Chautauqua County Department of Social Services (DSS), commenced this proceeding on behalf of the mother of the child in question seeking to hold respondent father in violation of a child support order. At the time of the initial child support order, the mother resided with the child in New York, and the father resided in Florida. In its violation petition, DSS alleged upon information and belief that the mother still resided in New York, but the mother had in fact moved with the child to Florida. The father appeared in the proceeding and admitted the allegations with respect to his violation of the support order. The Support Magistrate determined the amount of arrears, continued the order of support, and entered judgments in favor of the mother and DSS. The Support Magistrate further ordered the parties to "register the order in their state of residence within 90 days." The Support Magistrate directed that "[t]he New York State Order shall terminate in 90 days, if Order is not registered in a state in which one of the parties resides." Family Court denied the objections of DSS and affirmed the order.

We agree with DSS that the court erred in affirming the order of the Support Magistrate insofar as it directed that the child support order would terminate in 90 days in the event that the order of the Support Magistrate was not registered in another state, and we therefore modify the order accordingly. "The court lost continuing, exclusive jurisdiction to modify the child support provisions when both parties and the child[ ] all moved out of state" (*Holloway v Holloway*, 35 AD3d 1126, 1127 [2006]; *see* Family Ct Act § 580-205 [a] [1]; *Matter of Catalano v Catalano*, 295 AD2d 605 [2002]). Thus, although the New York court may enforce the order of child support, the court is without authority to modify it (*see* Family Ct Act § 580-205 [c]; *Catalano*, 295 AD2d at 606). We conclude that, by directing that the child support order would terminate in 90 days in the event that it was not registered in another state, the court was in effect modifying the order of support but lacked the authority to do so. Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.