■ In the Matter of STEPHANIE BROFFMAN-KAMINSKY, Respondent, v LEE SANTO, Appellant. [903 NYS2d 244]—In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Livrieri, S.M.), dated June 9, 2009, which, after a hearing, in effect, granted those branches of the mother's petition which were for an award of child care arrears and health care arrears and denied his petition, and the addendum thereto, for a downward modification of his obligation to pay a certain share of child care and health care expenses for the parties' children, (2) an order of the same court, also dated June 9, 2009, which, after a hearing, directed the entry of a money judgment in favor of the mother and against him in the sum of $1,255.70 for child care

arrears, (3) an order of the same court, also dated June 9, 2009, which, after a hearing, directed the entry of a money judgment in favor of the mother and against him in the sum of $783.60 for health care arrears, (4) an order of the same court, also dated June 9, 2009, which granted the mother's motion for an attorney's fee to the extent of directing him to pay the mother the sum of $1,500 for an attorney's fee, and (5) an order of the same court (Hoffmann, J.), dated August 13, 2009, which denied his objections to each of the foregoing orders.

Ordered that the appeals from the four orders dated June 9, 2009 are dismissed, as those orders were superseded by the order dated August 13, 2009; and it is further,

Ordered that the order dated August 13, 2009 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the mother.

Contrary to the father's contention, the Family Court correctly denied his objections to the Support Magistrate's orders. The record supports the Support Magistrate's finding that the father was responsible for the total sums of $1,255.70 for child care arrears and $783.60 for health care arrears (see Matter of Spiegel v Spiegel, 68 AD3d 881, 882 [2009]). In addition, the Support Magistrate correctly found that the father failed to make a prima facie case for a downward modification of his obligation to pay a certain share of child care and health care expenses for the parties' children (see Family Ct Act § 466; Matter of Savini v Burgaleta, 34 AD3d 686, 688 [2006]). Finally, the Support Magistrate providently exercised her discretion in directing the father to pay the mother the sum of $1,500 for an attorney's fee (see Family Ct Act § 438; Matter of Nieves-Ford v Gordon, 47 AD3d 936, 937 [2008]). Skelos, J.P., Eng, Hall and Lott, JJ., concur.