*471 In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Aaron, J.), dated April 24, 2012, which denied his objections to an order of the same court (Watson, S.M.) dated January 17, 2012, which, after a hearing, determined that he was in willful violation of a prior support order of the same court dated August 27, 2010.
Ordered that the order dated April 24, 2012, is affirmed, without costs or disbursements.
“A determination by a support magistrate that a person is in willful violation of a support order and recommending commitment has no force and effect until confirmed by a Judge of the Family Court. Such a determination by a support magistrate does not constitute a final order to which a party may file written objections” (Matter of Dakin v Dakin, 75 AD3d 639, 639-640 [2010] [citation omitted]; see Family Ct Act § 439 [a], [e]).
In an order dated January 17, 2012, the Support Magistrate determined that the father was in willful violation of a prior support order. On the same date, the Family Court confirmed the determination of willfulness and thereupon issued an order of commitment which committed the father to the custody of the Nassau County Correctional Facility for a period of 14 days.
The father failed to pursue his sole remedy, which was to appeal from the order of commitment dated January 17, 2012, entered upon confirmation of the Support Magistrate’s determination (see Matter of Dakin v Dakin, 75 AD3d at 640; Matter of Roth v Bowman, 245 AD2d 521, 522 [1997]; Family Ct Act § 1112). Since the father improperly filed written objections to the nonfinal order of the Support Magistrate, the Family Court correctly denied the father’s objections on procedural grounds (see Matter of Martin v Cooper, 96 AD3d 849, 849-850 [2012]; Matter of Ceballos v Castillo, 85 AD3d 1161, 1163 [2011]; Matter of Dakin v Dakin, 75 AD3d at 640).
The father’s remaining contention is not properly before this Court. Balkin, J.E, Hall, Lott and Miller, JJ., concur.