■ In the Matter of LILLIAN ORTIZ-SCHWOERER, Respondent, v HELEN MARION SCHWOERER, Appellant. [9 NYS3d 117]—

Appeals from (1) an order of the Family Court, Richmond County (Helene D. Sacco, J.), dated January 6, 2014, and (2) an order of that court (Arnold Lim, J.), dated June 23, 2014. The order dated January 6, 2014, insofar as appealed from, denied the objections of Helen Marion Schwoerer to an order of that court (Janele Spencer-Hyer, S.M.), dated September 27, 2013, which, after a hearing, inter alia, found her in willful violation of a prior order of child support, recommended that she be incarcerated, and referred the matter to the Family Court, Richmond County (Arnold Lim, J.), for confirmation. The order dated June 23, 2014, insofar as appealed from, denied the motion of Helen Marion Schwoerer to dismiss the petition to hold her in violation of the prior order of child support.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

Lillian Ortiz-Schwoerer commenced this proceeding, alleging that Helen Marion Schwoerer (hereinafter the appellant) willfully violated a November 2010 child support order requiring the appellant to pay support for their child. The appellant cross-petitioned for a downward modification of her child support obligation. After a hearing, the Support Magistrate, inter alia, dismissed the appellant's cross petition for a downward modification of her child support obligation, found that she had willfully violated the support order, recommended that she be sentenced to a period of six months of incarceration, and referred the proceeding to a Family Court Judge for confirmation. In an order dated January 6, 2014, the Family Court denied the appellant's written objections to the Support Magistrate's order. The appellant thereafter moved to dismiss the violation petition on the ground that the petitioner and the child had recently moved to New Jersey. In an order dated January 23, 2014, the Family Court denied the appellant's motion

The only issues raised by the appellant on her appeal from the order dated January 6, 2014, are that the Family Court erred in finding that she had willfully violated an order of child support and in recommending that she be subject to a term of incarceration. However, the Support Magistrate's finding of willfulness, and her recommendation that the appellant be subject to a term of incarceration, had no force and effect until confirmed by the Family Court Judge (see Family Ct Act § 439 [e]). Despite denying the appellant's objections, the order dated

January 6, 2014, did not confirm the Support Magistrate's determination that the appellant willfully violated the support order (*see Matter of Martin v Cooper*, 96 AD3d 849, 850 [2012]). To challenge the determination that she willfully violated a support order, the appellant's sole remedy was to await the issuance of a final order or an order of commitment of a Family Court Judge confirming the Support Magistrate's determination, and to appeal from that final order or order of commitment (*see Matter of Flanagan v Flanagan*, 109 AD3d 470, 471 [2013]; *Matter of Dakin v Dakin*, 75 AD3d 639, 639-640 [2010]; *Matter of Roth v Bowman*, 245 AD2d 521, 522 [1997]; *see also Anderson v Harris*, 68 AD3d 472, 474 [2009]). Accordingly, the issue of whether the appellant willfully violated an order of child support is not properly before us on the appeal from the order dated January 6, 2014.

Additionally, the order dated June 23, 2014, properly denied the appellant's motion to dismiss the violation petition. Although neither the parties nor the child now reside in New York, the Family Court retains jurisdiction to enforce the prior support order (*see* Family Ct Act § 580-205 [c]; *Matter of Catalano v Catalano*, 295 AD2d 605, 606 [2002]). Moreover, as the enforcement proceeding is in its final stages, dismissal on the ground of forum non conveniens was unwarranted (*see* CPLR 327; *Jones v Eon Labs, Inc.*, 43 AD3d 711 [2007]; *Corines v Dobson*, 135 AD2d 390, 392-393 [1987]). Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.