■ In the Matter of REBECCA CASTANEDA, Respondent, v EDGAR CASTANEDA, Appellant. [17 NYS3d 192]—

Appeal by permission from an order of the Family Court, Kings County (Amanda White, J.), dated January 10, 2014. The order, insofar as appealed from, granted so much of the mother's objection as was to vacate, for lack of subject matter jurisdiction, so much of an order of that court (Nicholas J. Palos, S.M.), dated September 17, 2013, as determined that the child support provisions of the parties' stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce, were unenforceable and vacated that portion of the order.

Ordered that the order dated January 10, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced by a judgment dated April 14, 2003, which incorporated, but did not merge, a stipulation of settlement dated January 24, 2003, in which the father agreed to pay $100 per week in child support. The judgment granted the Family Court concurrent jurisdiction with the Supreme Court with respect to issues of child support. The mother filed a petition pursuant to Family Court Act article 4 dated July 30, 2012, to enforce the child support provisions of the stipulation of settlement incorporated into the judgment. The father filed two cross petitions seeking a downward modification of his support obligation and to vacate the child support provisions of the stipulation of settlement for noncompliance with the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; hereinafter CSSA). On September 17, 2013, the Family Court issued an order determining that the child support provisions of the stipulation of settlement were unenforceable because the parties did not properly opt out of the CSSA guidelines, and the Support Magistrate stated that it would issue a "de novo" order, after a continued hearing, effective as of the date of the mother's petition. The court dismissed the father's cross petitions as moot and directed the parties to appear on the next court date with their mandatory disclosure materials.

The mother filed an objection, arguing, in part, that the Family Court lacked subject matter jurisdiction to invalidate the child support provisions of the stipulation of settlement. The Family Court, by order dated January 10, 2014, granted so much of the mother's objection as was to vacate, for lack of subject matter jurisdiction, that portion of the Support Magistrate's order which invalidated the child support provisions of the stipulation of settlement, reversed that portion of the order which dismissed the father's cross petitions as moot,

reopened the cross petitions, and remitted the matter to the Support Magistrate for a hearing on the petition and cross petitions. This Court granted the father leave to appeal from the order.

Inasmuch as the Family Court lacked jurisdiction to invalidate the stipulation of settlement incorporated into the judgment of divorce, the Family Court properly granted so much of the mother's objection as was to vacate, for lack of subject matter jurisdiction, so much of the Support Magistrate's order as invalidated the child support provisions of the stipulation of settlement in contemplation of a de novo determination on the issue of child support (*see* NY Const, art 6, § 13 [c]; Family Ct Act § 466 [c]; *Matter of Perrego v Perrego*, 63 AD3d 1072, 1073 [2009]; *Matter of Savini v Burgaleta*, 34 AD3d 686, 689 [2006]; *Matter of Huddleston v Huddleston*, 14 AD3d 511, 512 [2005]). Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.