■ In the Matter of George Haber, Respondent, v Lisa Strax, Appellant. [25 NYS3d 310]—

Appeal from an order of the Family Court, Queens County (Margaret Parisi McGowan, J.), dated December 12, 2014. The order denied the mother's objections to an order of that court (David A. Kirshblum, S.M.), dated October 28, 2014, which denied her motion, in effect, to vacate an order of that court dated June 24, 2014, dismissing her cross petition seeking, inter alia, reimbursement from the father of certain medical expenses, and to reinstate her cross petition.

Ordered that the order is affirmed, without costs or disbursements.

The parties were married in 1989, and had two children.

They were divorced in 1994. On September 9, 1997, the parties entered into a stipulation of settlement in which the father agreed to pay two thirds of the cost of the children's unreimbursed medical expenses. The Supreme Court, New York County, entered an order dated March 30, 1998, upon the stipulation of settlement. The order, which incorporated but did not merge with the stipulation of settlement, directed the father to pay two thirds of the unreimbursed nonelective medical expenses of the parties' two children. The order provided that the Supreme Court retained "jurisdiction of the matter concurrently with the Family Court for the purpose of specifically enforcing such of the provisions of the [stipulation of settlement] as are capable of specific enforcement to the extent permitted by law, and of making such further judgment with respect to support, custody, or visitation as it finds appropriate under the circumstances existing at the time application for that purpose is made to it."

In 2011 the mother filed a cross petition in the Family Court, Queens County, seeking, inter alia, to collect the father's two-thirds share of the unreimbursed medical expenses that had been incurred by the parties' children. The father died in November 2013, while the mother's cross petition was still pending. The mother moved for various relief. Instead of considering the mother's motion, the Support Magistrate dismissed the mother's cross petition on the ground that the Family Court no longer had subject matter jurisdiction to entertain it. The Support Magistrate then denied the mother's subsequent motion, in effect, to vacate its order and reinstate the cross petition. The Family Court denied the mother's objections to the Support Magistrate's determination, finding that the Family Court no longer had subject matter jurisdiction due to the parent-obligor's death. It found that it did not have continuing jurisdiction pursuant to Family Court Act § 451 since the mother was not seeking to enforce a Family Court order, but rather to enforce the March 30, 1998, Supreme Court order. The mother appeals.

Family Court Act § 451 gives the Family Court continuing jurisdiction over any order it issued relating to child support (*see* Family Ct Act § 451; *see generally Matter of Robert L.A. v Sharon A.R.*, 185 AD2d 977 [1992]; *Giryluk v Giryluk*, 149 AD2d 665 [1989]). Here, Family Court Act § 451 does not confer continuing jurisdiction on the Family Court because the mother's cross petition sought to enforce a Supreme Court order, not a Family Court order.

In addition, while the March 30, 1998 Supreme Court order

granted concurrent jurisdiction to the Family Court to enforce the provisions of the parties' stipulation of settlement, it expressly gave the Family Court jurisdiction only "to the extent permitted by law," to enforce those provisions which were capable of specific enforcement. Because the Family Court is a court of limited jurisdiction, it may only exercise those powers specifically granted to it by statute (*see Matter of Silver v Silver*, 36 NY2d 324, 325 [1975]). There is no statutory authority expressly granting jurisdiction to the Family Court to litigate the issue of child support arrears after the death of a parent-obligor. Thus, the mother failed to establish that, after the father's death, the Family Court was "permitted by law" to enforce the support provisions of the March 30, 1998, Supreme Court order.

The mother's remaining contention is without merit.

Accordingly, the Family Court properly denied the mother's objections to the Support Magistrate's order. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.