■ In the Matter of LAURA A. PAULS, Respondent, v JAMES L. NEATHERY, Appellant. [52 NYS3d 397]—

Appeals by the father from (1) an order of commitment of the

Family Court, Orange County (Christine P. Krahulik, J.), dated December 8, 2015, (2) an order of disposition of that court dated January 19, 2016, and (3) an order of that court, also dated January 19, 2016, directing entry of a money judgment. The order of commitment directed the commitment of the father to the Orange County Jail for a period of 30 days or until he paid a purge in the sum of $5,000. The order of disposition, after a hearing, determined that the father willfully violated a prior order of that court dated April 24, 2007, awarding child support, confirmed arrears in the sum of $148,813.05 as of December 8, 2015, and continued the father's obligation to pay $60 per week toward the arrears. The order directing entry of a money judgment directed entry of money judgment in favor of the mother against the father in the principal sum of $28,319.04.

Ordered that the appeal from the order of commitment is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Smith v Jeffers*, 110 AD3d 904 [2013]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements; and it is further,

Ordered that the order directing entry of a money judgment is affirmed, without costs or disbursements.

The mother commenced this proceeding to enforce an order of the Family Court, Orange County, dated April 24, 2007, which required the father to pay $60 per week in child support. The petition alleged that as of January 28, 2015, the arrears amounted to the sum of $143,542.52. At the time of the commencement of the proceeding, the mother was living in Port Jervis, New York, and the father was living in Pennsylvania. During the pendency of the proceeding, the mother moved to Arizona. Upon direction of the court, the mother had the child support order registered in Pennsylvania. The Pennsylvania court modified the order, reducing the amount of the arrears, and altering the payment terms.

After a hearing, the Family Court, Orange County, found that the father willfully violated the April 24, 2007, order of support. The court further found that it had jurisdiction to enforce its own order and continued the father's obligation to pay $60 a week towards arrears in the sum of $148,813.05. The court also directed entry of a money judgment for the amount of arrears not previously reduced to a judgment and ordered the father be committed to the Orange County Jail for 30 days or until he paid $5,000 to purge himself of his contempt. The father appeals.

The father argues that the Family Court erred in enforcing the April 24, 2007, order of support, because that order had been registered in and modified by the Pennsylvania court. However, neither of the parties sought a modification of the April 24, 2007, order of support. The mother merely registered that order in Pennsylvania, as directed, for the purpose of enforcement.

It is undisputed that the April 24, 2007, order of support is the original child support order and, therefore, New York is the issuing state. "[A] state may modify the issuing state's order of child support only when the issuing state has lost continuing, exclusive jurisdiction" (*Matter of Spencer v Spencer*, 10 NY3d 60, 66 [2008]; *see Matter of Daknis v Burns*, 278 AD2d 641 [2000]). The record does not support the father's contention that New York lost its continuing, exclusive jurisdiction over the April 24, 2007, order of support since it is unclear when the mother moved to Arizona or whether either of the children reside in New York (*see* Family Ct Act § 580-205 [a]; *Matter of Bowman v Bowman*, 82 AD3d 144 [2011]).

Moreover, even if both parties and the children no longer resided in New York, the Family Court was not divested of jurisdiction to enforce its own order of support (*see Matter of Ortiz-Schwoerer v Schwoerer*, 128 AD3d 828 [2015]; *Matter of Parenzan v Parenzan*, 285 AD2d 59, 64 [2001]).

The father's remaining contentions are without merit.

Accordingly, the Family Court properly granted the petition for enforcement of the April 24, 2007, order of support. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.