■ In the Matter of KELLY A. GOULDING, Respondent, v MICHAEL GOULDING, Appellant. [64 NYS3d 560]—

Appeal by the father from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 17, 2016. The order denied the father's objections to an order of that court (Aletha V. Fields, S.M.), dated February 11, 2016, which, after a hearing, found that he was in willful violation of a prior order of that court directing payment of child support.

Ordered that the order dated October 17, 2016, is affirmed, without costs or disbursements.

The mother commenced this proceeding pursuant to Family Court Act article 4 against the father, alleging that he was in willful violation of a child support order. Following a hearing, the Support Magistrate issued an order, dated February 11, 2016, inter alia, finding that the father was in willful violation of the order of support. The Support Magistrate referred the matter to a Judge of the Family Court for confirmation pursuant to Family Court Act § 439 (a), and recommended that the

father serve a period of incarceration. On that same date, the Family Court confirmed the determination of willfulness, and issued an order of commitment, dated February 11, 2016, which committed the father to the custody of the Suffolk County Correctional Facility unless he paid a purge amount of $4,658.10. The father filed objections to the Support Magistrate's order, and in an order dated October 17, 2016, the court denied his objections to the Support Magistrate's order. The father now appeals from the order dated October 17, 2016.

The father failed to pursue his sole remedy, which was an appeal from the order of commitment dated February 11, 2016, entered upon confirmation of the Support Magistrate's determination (*see Matter of Flanagan v Flanagan*, 109 AD3d 470, 471 [2013]; *Matter of Dakin v Dakin*, 75 AD3d 639, 640 [2010]; *Matter of Roth v Bowman*, 245 AD2d 521, 522 [1997]). Since the father improperly filed objections to the nonfinal order of the Support Magistrate, the Family Court correctly denied his objections (*see Matter of Ceballos v Castillo*, 85 AD3d 1161, 1163-1164 [2011]; *Matter of Dakin v Dakin*, 75 AD3d at 640). Rivera, J.P., Cohen, Hinds-Radix and Brathwaite Nelson, JJ., concur.