Matter of Brady v White (2018 NY Slip Op 01181)





Matter of Brady v White


2018 NY Slip Op 01181


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-05195
 (Docket Nos. F-11681-06/12I, F-11681-06/12J, F-11681-06/13K)

[*1]In the Matter of Denise Ann Brady, respondent,
v
Raymond A. White, appellant. (Proceeding Nos. 1 and 2)
In the Matter of Raymond A. White, appellant,
v
Denise Ann Brady, respondent. (Proceeding No. 3)


N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for appellant.
Brian M. Collins, Melville, NY, for respondent.



DECISION & ORDER
Appeal from an order of the Family Court, Nassau County (Edmund M. Dane, J.), dated March 23, 2016. The order, insofar as appealed from, denied the father's objections to (1) an order of that court (Patricia Bannon, S.M.) dated January 12, 2016, which, after a hearing, determined that the father was in willful violation of a prior order directing payment of child support and maintenance and that he owed $57,746.63 in child support and maintenance arrears, (2) an order of that court (Patricia Bannon, S.M.), also dated January 12, 2016, which, after a hearing, dismissed the father's petition for a downward modification of his child support and maintenance obligations, and (3) an order of that court (Patricia Bannon, S.M.), also dated January 12, 2016, directing the entry of a money judgment in favor of the mother and against the father in the principal sum of $57,746.63 for child support and maintenance arrears.
ORDERED that the order dated March 23, 2016, is modified, on the law and the facts, (1) by deleting the provision thereof denying the father's objections to so much of the first order dated January 12, 2016, as determined that he owed $57,746.63 in child support and maintenance arrears and the third order dated January 12, 2016, and substituting therefor a provision granting those objections and vacating that portion of the first order dated January 12, 2016, and the third order dated January 12, 2016, and (2) by deleting the provision thereof denying the father's objections to so much of the second order dated January 12, 2016, as dismissed those branches of his petition which were for a downward modification of his child support and maintenance obligations in accordance with the parties' stipulation of settlement, and substituting therefor a provision granting those objections to the extent of determining that his child support obligation is $331 per week as of August 14, 2012, and his maintenance obligation is $265 per week as of July 23, 2013, and $250 per week as of January 1, 2014, and vacating so much of the second order dated January 12, 2016, as dismissed those branches of the father's petition which were for a downward modification of his child support and maintenance obligations in accordance with the parties' [*2]stipulation of settlement; as so modified, the order dated March 23, 2016, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a new determination of the amount of child support and maintenance arrears owed by the father in accordance herewith.
The parties were married in 1998 and divorced in September 2005. Pursuant to their stipulation of settlement, which was incorporated but not merged into the judgment of divorce, the father agreed to pay $400 per week in child support for the parties' five children. The stipulation of settlement further provided that the father's child support obligation would be reduced to $354 per week upon the emancipation of the oldest child, and would be further reduced to amounts set forth therein upon the emancipation of each of the second, third, and fourth oldest children. Additionally, the father agreed to pay $300 per week in maintenance. Such payments were to continue until November 1, 2011, at which time his maintenance payment would be reduced to $265 per week, and would be further reduced to specified amounts pursuant to a schedule set forth therein until ceasing in 2022.
In 2009, the father petitioned to modify his child support obligation in accordance with the stipulation of settlement on the ground that the oldest child was emancipated. In July 2009, the Family Court, upon consent, issued a modification order (hereinafter the 2009 modification order) directing the father to pay $354 per week in child support for the remaining four children and $300 per week in maintenance.
In August 2012, the father petitioned, inter alia, for a downward modification of his child support obligation in accordance with the stipulation of settlement on the ground that the parties' second oldest child was emancipated. He withdrew that petition and filed a second petition seeking that same relief, as well as a downward modification of his child support obligation based upon a change in circumstances and a downward modification of his maintenance obligation based upon "extreme hardship." The Support Magistrate permitted the father to preserve the original filing date for issues that were raised in the first petition. Shortly thereafter, the father made an application for a downward modification of his maintenance obligation in accordance with the maintenance reduction provision in the stipulation of settlement. In December 2012, the mother filed a petition to enforce provisions of the 2009 modification order and a petition alleging that the father was in willful violation of the 2009 modification order.
Following a hearing on the parties' petitions, in an order dated January 12, 2016, the Support Magistrate determined that the father was in willful violation of the 2009 modification order directing payment of child support and maintenance, and that he currently owed $57,746.63 in child support and maintenance arrears. In a second order dated January 12, 2016, the Support Magistrate dismissed the father's petition for a downward modification of his child support and maintenance obligations. In a third order dated January 12, 2016, the Support Magistrate directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $57,746.63 for current child support and maintenance arrears. The father filed objections to the Support Magistrate's orders, and the Family Court denied the objections in an order dated March 23, 2016. The father appeals from the order dated March 23, 2016.
Contrary to the father's contentions, the Support Magistrate properly dismissed that branch of his petition which was for a downward modification of his child support obligation based upon a change in circumstances. Since the parties' stipulation of settlement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (see 2010, ch 182, § 13), in order to establish his entitlement to a downward modification of his child support obligation from that set forth in the parties' stipulation of settlement, the father had the burden of establishing a substantial and unanticipated change in circumstances (see Matter of Straker v Maynard-Straker, 133 AD3d 865, 866; Gribbin v Gribbin, 126 AD3d 938, 939). In this regard, the father failed to credibly and clearly disclose his financial circumstances (see Matter of Abizadeh v Abizadeh, 137 AD3d 900, 901; Matter of Rabasco v Lamar, 106 AD3d 1095, 1096-1097), failed to present credible evidence that his symptoms or physical condition prevented him from working (see Matter of Mikhlin v Giuffrida, 119 AD3d 692, 693; Matter of Gavin v Worner, 112 AD3d 928, 929), and did not show [*3]that he had diligently sought re-employment commensurate with his qualifications and experience (see Matter of Ealy v Levy-Hill, 140 AD3d 1164, 1165; Matter of Rubenstein v Rubenstein, 114 AD3d 798, 799). Accordingly, the father failed to satisfy his burden of establishing a substantial and unanticipated change in circumstances so as to warrant a downward modification.
The Support Magistrate also properly denied that branch of the father's petition which was for a downward modification of his maintenance obligation based on extreme hardship. In order to obtain modification, either downward or upward, of the maintenance aspect of a stipulation of settlement that has been incorporated but not merged into a divorce judgment, a party must show extreme hardship (see Domestic Relations Law § 236[B][9][b]; Cashin v Cashin, 79 AD3d 963, 964; Malaga v Malaga, 17 AD3d 642, 643). Given the father's failure to provide any credible evidence as to his financial condition and his good-faith efforts to obtain re-employment commensurate with his earning capacity, he did not demonstrate that the maintenance obligation as set forth in the stipulation created an extreme hardship.
The father also challenges the Support Magistrate's finding that he willfully violated an order of support. " A determination by a support magistrate that a person is in willful violation of a support order and recommending commitment has no force and effect until confirmed by a Judge of the Family Court'" (Matter of Flanagan v Flanagan, 109 AD3d 470, 471, quoting Matter of Dakin v Dakin, 75 AD3d 639, 639-640; see Family Ct Act § 439[a]). "Such a determination by a support magistrate does not constitute a final order to which a party may file written objections" (Matter of Dakin v Dakin, 75 AD3d at 640; see Family Ct Act § 439[e]; Matter of Flanagan v Flanagan, 109 AD3d at 470). Here, the Support Magistrate determined that the father was in willful violation of the 2009 modification order and recommended a four-month period of incarceration. The father then improperly filed objections to the Support Magistrate's nonfinal determination. In order to challenge the finding the he willfully violated the 2009 modification order, the father's sole remedy, which he has not pursued, was to appeal from the order of commitment dated January 28, 2016, entered upon confirmation of the Support Magistrate's determination (see Matter of Goulding v Goulding, 156 AD3d 634; Matter of Addimando v Huerta, 147 AD3d 750, 751; Matter of Ortiz-Schwoerer v Schwoerer, 128 AD3d 828, 830). Accordingly, the issue of whether the father willfully violated the 2009 modification order is not properly before this Court on the appeal from the order dated March 23, 2016.
However, the Support Magistrate erred in determining that the amount of the father's child support and maintenance arrears was $57,746.63. In this regard, the record demonstrates that the total of $57,746.63 improperly included past arrears that were reflected in a prior money judgment against the father. Additionally, the Support Magistrate's finding that the father owed the mother $4,133.74 as his pro rata share of add-on expenses for the children, which was included in the amount of support arrears, is unsupported by the record. The mother submitted a letter listing her incurred expenses in the amount of $5,426, but the receipts attached do not add up to $5,426. The amount claimed by the mother also included a $3,750 receipt for a college course taken by the parties' second oldest child. However, the parties' stipulation of settlement required the father to contribute to college expenses when the child is attending college "on a full daytime basis and matriculated in a course of study leading to an undergraduate degree at an accredited college or university." The mother did not present evidence demonstrating that these conditions had been fulfilled with respect to the $3,750 of claimed expenses.
Moreover, the Support Magistrate erred in dismissing those branches of the father's petition which were for a downward modification of his child support and maintenance obligations in accordance with the provisions of the stipulation of settlement. "A stipulation of settlement entered into by parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation" (Matter of Miller v Fitzpatrick, 147 AD3d 845, 846-847; see Ayers v Ayers, 92 AD3d 623, 624; De Luca v De Luca, 300 AD2d 342, 342). Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (see Slatt v Slatt, 64 NY2d 966, 967; Ayers v Ayers, 92 AD3d at 624). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the [*4]contract's apparent meaning" (Cohen-Davidson v Davidson, 291 AD2d 474, 475; see Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726).
Here, the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, expressly provides for reductions in child support based upon a child's emancipation. The plain language of the stipulation of settlement expressly demonstrates that the parties agreed to allocated reductions in the father's $400 per week child support obligation, the first of which was to $354 per week upon the emancipation of the oldest child, and further reductions upon the emancipation of each of the second, third, and fourth oldest children. The 2009 modification order modified the father's support obligation and directed the father to pay $354 per week for the support of the four younger children in accordance with the stipulation of settlement, providing for a reduction from $400 to $354 based upon the oldest child's emancipation. Contrary to the mother's position, the 2009 modification order did not invalidate or modify the child support provisions of the stipulation of settlement (see Family Ct Act § 466; Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366; Matter of Castaneda v Castaneda, 132 AD3d 667, 669; Matter of Savini v Burgaleta, 34 AD3d 686, 689). The father also presented sufficient evidence demonstrating that the parties' second oldest child, who was 19 years old and employed full-time in August 2011, was emancipated as defined in the stipulation of settlement. Therefore, the record supports a finding that this child became emancipated in August 2011.
Contrary to the father's contentions, he is not entitled to a reduction in child support arrears that accrued prior to the filing date of his modification petition. In this regard, a court " ha[s] no discretion to reduce or cancel arrears of child support which accrue before an application for downward modification of the child support obligation'" (Matter of Gardner v Maddine, 112 AD3d 926, 927, quoting Grossman v Composto-Longhi, 96 AD3d 1000, 1002; see Dembitzer v Rindenow, 35 AD3d 791, 793). Although the father withdrew his first petition and then filed another petition in July 2013, the filing date for his first petition, August 14, 2012, applies, since the Support Magistrate permitted the father to preserve the original filing date for issues raised in the first petition, and the issue of the second oldest child's emancipation was raised in the first petition.
The parties' stipulation of settlement also contains a maintenance reduction provision, which the Support Magistrate should have enforced (see Matter of Coppola v Stroker, 235 AD2d 536, 537). However, contrary to the father's contentions, he is not entitled to a retroactive reduction of his maintenance obligation prior to the date of his modification petition (see Theodoreu v Theodoreu, 225 AD2d 686, 687). Instead of moving to modify his maintenance obligation in November 2011, the time the stipulation provided for the first decrease from $300 to $265, the father waited until July 23, 2013, when his counsel made an application to modify the father's maintenance obligation pursuant to the stipulation of settlement from $300 per week to $265 per week. Additionally, the filing date for the father's first petition, August 14, 2012, is not applicable. In this regard, his first petition sought a modification of his child support obligation based upon the second oldest child's emancipation. As the father did not request a reduction in his maintenance obligation pursuant to the stipulation of settlement until July 23, 2013, that date is controlling.
Due to the above noted errors, the father's objections to (1) so much of the Support Magistrate's orders as determined that the amount of his child support and maintenance arrears was $57,746.63 should have been granted, and (2) so much of the Support Magistrate's order as dismissed those branches of his petition which were for a downward modification of his child support and maintenance obligations in accordance with the stipulation of settlement should have been granted to the extent that his child support obligation should be reduced from $354 to $331 per week as of August 14, 2012, and his maintenance obligation should be reduced from $300 to $265 per week as of July 23, 2013, and from $265 to $250 per week as of January 1, 2014. The Family Court, upon remittitur, must also make concomitant recalculations of the father's child support and maintenance arrears.
The father's remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court