Matter of Evans v Pudding (2020 NY Slip Op 03225)





Matter of Evans v Pudding


2020 NY Slip Op 03225


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2019-01506
 (Docket No. F-7380-18/18B)

[*1]In the Matter of Charlotte Evans, respondent,
v
Alan Pudding, appellant.


Nancy C. Nissen, White Plains, NY, for appellant.
Segal & Greenberg LLP, New York, NY (Philip C. Segal of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated December 20, 2018. The order denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated October 26, 2018, which, after a hearing, inter alia, found that the father willfully violated a prior order of child support.
ORDERED that the order dated December 20, 2018, is affirmed, without costs or disbursements.
"A determination by a support magistrate that a person is in willful violation of a support order and recommending commitment has no force and effect until confirmed by a Judge of the Family Court. Such a determination by a support magistrate does not constitute a final order to which a party may file written objections" (Matter of Flanagan v Flanagan, 109 AD3d 470, 471 [internal quotation marks omitted]; see Family Ct Act § 439[a], [e]). Here, despite denying the father's written objections, the order appealed from dated December 20, 2018, did not confirm the Support Magistrate's determination that the father willfully violated a prior order of child support (see Matter of Addimando v Huerta, 147 AD3d 750, 751). The father failed to pursue his sole remedy, which was to appeal from the order of commitment dated August 19, 2019, entered upon confirmation of the Support Magistrate's determination (see Matter of Flanagan v Flanagan, 109 AD3d at 471; Matter of Dakin v Dakin, 75 AD3d 639, 640). Accordingly, the issue of whether the father willfully violated a prior order of child support is not properly before us on the appeal from the order dated December 20, 2018 (see Matter of Ortiz-Schwoerer v Schwoerer, 128 AD3d 828, 830).
The father's remaining contention is without merit.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court