Ritchey v Ritchey (2023 NY Slip Op 03810)

Ritchey v Ritchey

2023 NY Slip Op 03810

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-07679
 (Index No. 453/07)

[*1]Doreen Dey Ritchey, appellant,
v
Jeffrey Wayne Ritchey, respondent.

The Sallah Law Firm, P.C., Holtsville, NY (Dean J. Sallah of counsel), for appellant.
Kevin J. Fitzgerald, Smithtown, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered January 29, 2009, as amended February 1, 2011, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Deborah Poulos, J.), dated September 27, 2021. The order denied the plaintiff's motion, inter alia, to enforce the child support provisions of a so-ordered stipulation dated August 27, 2012, and the plaintiff's separate motion to modify the defendant's child support obligation, without prejudice to bringing those motions in the appropriate court in the state of Rhode Island.
ORDERED that the appeal from so much of the order as denied the plaintiff's motion to modify the defendant's child support obligation is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's motion, inter alia, to enforce the child support provisions of the so-ordered stipulation dated August 27, 2012.
The parties were divorced by judgment entered January 29, 2009, as amended February 1, 2011, which incorporated, but did not merge, a stipulation of settlement dated September 4, 2008, in which the parties agreed to certain child support provisions with respect to their four minor children. The judgment of divorce, as amended, included a provision stating that the Supreme Court would retain jurisdiction concurrently with the Family Court to enforce the provisions of the parties' stipulation of settlement. The parties subsequently entered into a so-ordered stipulation dated August 27, 2012, in which they agreed to certain modifications to their respective child support obligations. It is uncontroverted that, as of approximately 2016, both of the parties and all of their children were residing in the state of Rhode Island.
By order to show cause dated November 18, 2020, the plaintiff moved, inter alia, to enforce the child support provisions of the so-ordered stipulation. The defendant opposed the motion on the merits, without raising an objection to jurisdiction. Thereafter, the plaintiff moved to modify the defendant's child support obligation. In an order dated September 27, 2021, the Supreme Court denied both motions without prejudice to bringing them in the appropriate court in [*2]Rhode Island. The plaintiff appeals.
The appeal from so much of the order as denied the plaintiff's motion to modify the defendant's child support obligation must be dismissed, because the appellant failed to include in the record the papers and other exhibits upon which the motion was founded (see CPLR 5526; Klein v Richs Towing, 213 AD3d 920, 920-921; Bruzzese v Bruzzese, 203 AD3d 1007, 1010).
With respect to the plaintiff's motion, inter alia, to enforce the child support provisions of the so-ordered stipulation, the Supreme Court had personal jurisdiction over the defendant because, among other things, the defendant appeared and opposed the plaintiff's motion without raising an objection as to jurisdiction (see Family Ct Act § 580-201[a][2]). Under the circumstances of this case, the court had continuing jurisdiction to enforce its support order (see Schaff v Schaff, 172 AD3d 1421, 1423; see also Family Ct Act § 580-104[b][1]; Matter of Pauls v Neathery, 149 AD3d 950, 952; Matter of Catalano v Catalano, 295 AD2d 605, 606). To the extent that the court's denial of the plaintiff's motion was based upon the doctrine of forum non conveniens, it was improper for the court to apply that doctrine sua sponte, without the parties having had an opportunity to brief the issue (see CPLR 327[a]; Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co., 23 NY3d 129).
Accordingly, we reverse the order insofar as reviewed and remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's motion, inter alia, to enforce the child support provisions of the so-ordered stipulation.
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court