Matter of Couch v Pyle (2024 NY Slip Op 00190)

Matter of Couch v Pyle

2024 NY Slip Op 00190

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2023-03961
 (Docket No. U-28894-08/22C)

[*1]In the Matter of Alexander Couch, appellant,
v
Jewell Odetta Pyle, respondent.

Alexander Couch, Smyrna, Delaware, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Philip W. Young of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the father appeals from an order of the Family Court, Kings County (Lisa Friederwitzer, J.), dated April 17, 2023. The order denied the father's objections to so much of two orders of the same court (Adele Alexis Harris, S.M.), both dated March 10, 2023, as, after a hearing, directed the father to pay child support arrears in the sum of $37,984.
ORDERED that the order dated April 17, 2023, is affirmed, without costs or disbursements.
The mother and the father are the parents of one child, born in 1998. In October 2008, the mother commenced a proceeding in New York for child support pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B). In an order dated May 5, 2009 (hereinafter the 2009 order), the Family Court, inter alia, directed the father to pay child support in the sum of $474.80 biweekly. Thereafter, in September 2022, nearly three years after the date of emancipation, the father filed a petition, in effect, to retroactively terminate his child support obligation as of November 3, 2019. At the time of the commencement of the proceeding, neither the parties nor the child resided in New York. Following a hearing, in two orders dated March 10, 2023, the Support Magistrate granted the father's petition, in effect, to terminate his child support obligation as of November 3, 2019, and directed the father to pay child support arrears in the sum of $37,984. The father filed objections to so much of the Support Magistrate's orders as directed him to pay child support arrears. In an order dated April 17, 2023, the court denied the father's objections. The father appeals.
Contrary to the father's contention, although the parties and the child no longer resided in New York, the Family Court retains jurisdiction to enforce the 2009 order and direct the payment of arrears (see Matter of Pauls v Neathery, 149 AD3d 950, 952; Matter of Ortiz-Schwoerer, 128 AD3d 828, 830). At the hearing, the mother established that the father owed child support arrears in the sum of $37,984 through the admission of a certified account statement provided by the Support Collection Unit.
By failing to raise it in his main brief, the father has abandoned his contention that [*2]the certified account statement constituted inadmissible hearsay, despite his attempt to raise the issue in his reply brief (see Christiana Trust v Leriche, 219 AD3d 564, 567; Matter of Keyes v Watson, 133 AD3d 757, 759). Moreover, the certified account statement was properly admitted as a business record (see CPLR 4518[f]).
Accordingly, the Family Court properly denied the father's objections.
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court