Matter of N.G. v J.C.E. (2026 NY Slip Op 00834)

Matter of N.G. v J.C.E.

2026 NY Slip Op 00834

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. F-14673/23|Appeal No. 5808|Case No. 2025-01410|

[*1]In the Matter of N.G., Petitioner-Respondent,
vJ.C.E., Defendant-Appellant.

Juan P. Luciano, Attorney at Law, P.C., New York (Juan P. Luciano of counsel), for appellant.
Sergio Villaverde PLLC, New York (Sergio Villaverde of counsel), for respondent.

Order, Family Court, Bronx County (Judith D. Waksberg, J.), entered on or about February 10, 2025, which denied defendant's objections to support orders, same court (Paul Ryneski, S.M.), entered on or about December 3, 2024 and January 8, 2025, determining that he willfully failed to comply with his obligation to pay 60% of the children's educational expenses, unanimously affirmed, without costs.
Family Court correctly denied the father's objections and rejected his attempts to collaterally attack a judgement of divorce rendered by Supreme Court years earlier. A judgment of divorce rendered by a court plainly vested with subject matter and personal jurisdiction "has the effect of determining the rights of the parties with respect to every material issue that was actually litigated or might have been litigated" (Rainbow v Swisher, 72 NY2d 106, 110 [1988]). Generally, "Family Court has no power to review a Supreme Court judgment determining the issue of child support or to determine the issue of child support de novo where the issue already has been determined by the Supreme Court and set forth in a judgment" (Matter of Byrnes v Javino, 145 AD3d 718, 719 [2d Dept 2016], quoting Matter of Perrego v Perrego, 63 AD3d 1072, 1073 [2d Dept 2009]).
As such, the father's attempt to collaterally attack the judgment of divorce and incorporated stipulation in a Family Court Act article 4 enforcement proceeding before the Support Magistrate is improper (see Matter of Savini v Burgaleta, 34 AD3d 686, 688-689 [2d Dept 2006]; Matter of Perrego, 63 AD3d at 1073; see e.g. Matter of Haber v Strax, 136 AD3d 911, 912-913 [2d Dept 2016]). Any challenge to the enforceability of the judgment of divorce based on the provisions of the Child Support Standards Act should have been timely brought in Supreme Court. Since the father's objections do not otherwise dispute the Support Magistrate's findings with respect to the educational expenses he owes, the support orders were properly upheld (see Blaikie v Mortner, 274 AD2d 95 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026